Hemphill, Ch. J.
As a ground for the reversal of the judgment it is contended that the demurrer to the petition should have been sustained. The record shows no action on the demurrer; and unless the objection would be fatal on error, they cannot be noticed on appeal.
We decline any examination of the grounds of defect assigned in the petition, as the cause will be remanded; and the petition may be amended should the plaintiff deem it necessary or essential, or that it may in form be adjudged sufficient or insufficient.
The eleventh ground of objection to the judgment is that the verdict is fatally defective in finding only the aggregate value of the negroes, and not the value of each separately.
This objection was maturely considered in the case of Thompson, Administrator, v. John Duncan, decided at this term; and it was held to be fatal to the judgment on the obvious principle that, as the judgment was in the alternative for the delivery of property susceptible of division, or its value, the separate value of each article should be assessed; otherwise it would be impossible to deliver a part without delivering the whole of the property, or a failure to deliver a part would render the defendant liable for the aggregate value of the whole.
The judgment is in its legal effect a decree that each particular thing demanded should be recovered, or its value, and therefore the jury should assess the value of each article separately. (2 Stark. Ev., 281; 2 Munf. R., 539.)
There are several important questions suggested by the facts of the case, but presénted in a manner so informal that an expression of any conclusive opinions thereon is deemed inexpedient.
The appellee, before taking out letters of administration, purchased the interest of the wife of Garland in the property. Can lie sue in a fiduciary capacity for property claimed by him in his individual right?
The intestate died in 1835, and administration was not taken out until 1842. Were there any debts owing to or payable by or recoverable for or against the succession? and if not, what was the object of the administration?
It appears inferentially from the evidence that administration was taken out on the estate in 1837 under the laws and in the courts of Arkansas. If the proceedings of a foreign jurisdiction exercised within our territorial limits were relied upon, the ground should have been taken distinctly in the pleadings or by evidence. The question is of deep interest to certain portions of the State, and cannot be determined unless distinctly and fully presented. If the rights of parties in the succession were controlled by the laws of Spain. can the ad *231 ■ministrator as such have any power over the property if under those laws third ■parties had at the grant of the letters acquired title? The presumption is that the slaves belonged to the community of gains between Garland and wife. If so, and the community was not renounced by her, was she not responsible for the debts of the community? (1 White, 03; Diccionario, 283.) And were not all debts consequently barred before the grant of administration? If they be not community, and there were no heirs of Garland, did the property belong to the public treasury, and can it be recovered by an admiuistration? (1 White, 117; 2 Sala, 41; Law 1, tit. 22, lib. 10, Nov. Recop.)
If there were heirs, did they accept or renounce the estate by acts or won is, tacitly or verbally? If they accepted under the laws of Spain, had prescription run against them in favor of the appellee at the time of taking- out letters of administration?
Did acceptance have a retroactive effect, such as to prevent acquisition of title in the mean time against the heirs by prescription? And if it did not, would administration, after the introduction of the common law or the adoption of the statute, have such effect?
It is not intended to express any opinion in relation to the propositions involved in these collateral questions, nor in reference to the title of the defendant, except that, under the laws of Texas, he has acquired no interest by his deed, whatever he may have by possession.
The judgment is ordered to be reversed and cause remanded.
Judgment reversed.