Wiikeluh, J.
The ground relied on for a reversal of the judgment is the supposed error of the court in rendering judgment for the plaintiff without disposing of the demurrer.
Ño rule of practice is better settled by the repeated decisions of this court than that where the record is silent as to any action asked or taken upon the •demurrer it will be deemed to have been waived.
It was said in argument that the. court wats asked to pass upon the demurrer by (lie mol a >n for'a new'trial. If the application liad come from the party who had a. right to insist upon the. demurrer it was then too late. But it was the. demurrer of the plaintiff and if lie chose to waive it, surely it is not for the defendant to complain. No right of his was prejudiced by the waiver. Nothing is better settled than that a demurrer admits the truth of the pleading demurred to only for the purpose of determining upon its legal sufficiency. When tile demurrer was waived its effect as au admission ceased. And it devolved on the defendant to support liis answer by proof if he intended to rely ou the matters pleaded as a defense. True it was incumbent on the court to decide all the issues of law and facts presented by the pleadings. But it cannot be assigned as error that the court did not decide upon a demurrer which had been waived. It no longer presented an issue, for the judgment of the court.
When the plaintiff consented to waive, a jury without liaviug asked the judgment of the. court on liis demurrer lie waived it. He might have been permitted to call it up at any time before the court had decided" upon the issues of fact. But ibis he did not do, nor did lie at any time ask the judgment of the court on liis demurrer. It was liis undoubted right to abandon it if lie chose, and neither the defendant nor the court could legally control the exercise of tills right. The plaintiff’s waiver of liis demurrer was a virtual withdrawal of his objections to the legal sufficiency of the answer and for the purpose of the trial of the facts, au admission by him of its sufficiency in law. It would indeed he a novel doctrine to hold; as we are asked to do in-effect, that the court erred in not compelling the plaintiff to rely on liis demurrer; and that it is matter of complaiut for the defendant that the plaintiff was suffered to abandon his •objections to the legal sufficiency of the defendant’s pleadings.
Both parties agree in treating the statement by the, judge of what transpired at the trial as not having been made in time, aiid as constituting properly no part of tlie record. And in this opinion we concur. But if it were otherwise it does not present the case more favorably to the defendant. The judgment is affirmed.
Judgment affirmed.