IlKMi’uiihtj. Cu. J.
The first ground for reversal is, in substance, but a general demurrer to the sufficiency of (he plaintiff’s petition. As a general rule, such exception, where the defendant appears, should be set up' in the court below. Tiie verdict or decree cures all defects, imperfections or omissions in the petition or statement of the. cause, of action, whether of substance or of form, if the issues joined be such as require proof of the facts imperfectly stated or omitted, though it will not cure or aid a statement of a defective title or cause of action. (L Chiriy, p. 712, 722.) The defendants in this case appeared and pleaded to tlie facts, but did not demur or state in their pleadings tiie objections now urged in support of tliii assignment of error.
The appellants in their argument on tins ground contend that tiie demand is stale and is barred by the statute oE limitations and by tlie lapse of time. Tlie defense of the statute should have been set up by demurrer or by plea. In equity tlie statute maybe taken advantage of by cither. (Daniel's Chan. Prae., vol. 1, ]). 02:2.) But there does not seem to he any positive rule as to the mode in pleading- by which tlie laches of another, or the lapse of time independent of I he statule, may be set up as a defense. It cannot, according- to the cases, be reached by demurrer. (3 Bro. C. G„ p. G4G; 1 Dan. Chan. Prae., p. 624.) Where tiie suit is for a money demand the defense comes in on a plea of payment, oil the ground that such facts raise a presumption of payment. (3 Phillips, p. 304; Í0 Wend. R., 443.)
In suits for specific performance, and others where tlie plea of payment is inadmissible, it is believed that tlie practice is to submit to tlie court whether, under the circumstances and tlie great lapse of time, the defendant ought to be compelled to perform his contract, or whether the relief prayed in the petition should he granted. (5 Ves. R., 720; 4 Bro. C. C., 214; Id., 440.) Under our system of pleadings the defendant should in all cases plead the laches and lapse of lime, in his defense, provided the plaintiff' lias not in tlie petition alleged some grounds in explanation of his apparent laches or delay. If so, the defendant would be relieved from the, necessity of setting- up tlie mere lapse of time. The pleadings must show that such defense is relied upon, otherwise it must lie regarded as waived. 1-Iad the defense now set up been urged below, it would liave deserved very serious consideration. The contract sought to be enforced was of twelve years’ standing. Time bad strewn its darkening shadows over the transaction; and he who requires the court to grope through *124 tiie obscurities of the past for the protection o£ his rights must show reasonable diligence, and that it has not been through his ladies or neglect that the matter has now become involved in mystery and ambiguity.
But we will not proceed with the discussion of a point not presented for consideration. Had such defense been urged below there is a bare possibility that it might have been explained by equitable circumstances. The proof must have boeii of a potent character to have excused so long a delay, but if, may have been adduced, and as there is no statement of facts we must presume that the proof, if necessary, was made. It was agreed that the statement, in the handwriting of the judge, should be transmitted, but no such document lias been certitied.
It is further contended by the appellants that the appellee is precluded, by the former adjudication between the representative of the estate of DeWitt and J. D. Clements, from setting np the rights of Miller’s estate to the land in controversy; that Clements was, at the rendition of the said judgment, administrator of Miller; and that tiie judgment against him is binding on the appellee as the successor in the administration. This position would be sound had the former judgment been against Clements iu his representative and not his individual capacity, and had‘it been of a character to conclude the rights of Miller’s estate to the matter in litigation. But Clements was sued iu his-individual right and not as administrator. He was sued as the holder of the legal title, and with the view of divesting him and vesting the title, in the estate of Green De Witt. It is true that he was the administrator of Miller and that he believed Green De Witt had, in tiie lifetime of Miller, sold the land to him. But he was not sued as such administrator, nor were the rights of Miller’s estate in the land necessarily involved in the controversy. The conveyance of the legal title to Green I)e Witt or his heirs did not affect the right of the vendee of .Do Witt to the land. The legal title was transferred to De Witt, but De Witt’s obligation to convey the land to his vendee still remained, and the completion of title in De Witt’s heirs only enabled them to make a perfect conveyance to Miller’s heirs in execution of the covenants of their ancestor. At the most the judgment in tiie former suit was but notice that the heirs of De Witt were claiming the land adversely to those of Miller* The record shows that though tiie parties and the court were apprised of the claim of Miller’s estate by the pleadings of Clements and by bis attempt to liave the heirs of Miller made parties, yet they were not permitted to intervene, nor was their claim or that of the estate adjudicated. The reverse was the fact. It was expressly adjudged that the decree should be without prejudice to the rights of the heirs of Miller, if any they liad.
This reservation would have been negatory had the estate of Miller been represented in that suit by the administrator. But it was not represented and was no party iu the suit, and tiie reservation is but the declaration of the legal principle that a judgment is binding only on the parties and their privies in the proceeding and not upon others. 2sTo doubt, as a vigilant guardian of his trust, the ádmininistrator should as such have attempted to intervene, in order to prevent a multiplicity of litigation, and to secure the legal title .at once to tiie estate of Miller, without passing through the circuitous channel of au intermediate owner. lie might have been liable had the estate suffered from his negligence, but he would not have been nor was bis succession precluded from the institution of a suit to compel the vendor who had'thus secured the legal title to make the conveyance to the vendee.
It is further urged by the appellants that the appellee, as an administrator de bonis non, could not set up the fraud of the former administrator, Clements, so as to avoid the judgment in the former suit. Had the former decree been against Clements as administrator and conclusive, against Miller’s estate, and had it been fraudulently obtained, in collusion with the then plaintiff, yet I apprehend the land would still be assets of the estate of Miller, and as *125 such pass info the hands of the administrator do, bonis non, and that he might, on showing of tlie fraud, have the judgment set aside and the land conveyed to himself. Such is the rule when» assets hive been fraudulently alienated by an adniinisfralor in collusion with the vendee, and the fact that a judgment has intervened, if obtained through fraud, cannot affect the principle or vary the rights of parlies. (1 Williams on Executors, p. 7811, and cases cited.)
Note 40. — MrClellan v. The State, 22 T., 403; Williams v. Warnell, 28 T., 610; Stansbury v. Nichols,30 T.,145. When there is no ba«is in the pleadings for averdiefcin favor of the plaintiff the judgment will be reversed. (Black v, Calloway, 30 T., 232; Elliott y. Wiggins, 16 T., 596; Locke v. Hiding, 24 T., 312.)
Note 41. — Mitchell v. Sheppard, 16 T., 484; Stramler v. Coe, 15 T., 211; Holman v. Criswell, 15 T., 394; De Cordova -y. Smith, ante 129.
Note 42. — Giddings v. Steele, 28 T., 732.
That < ’. (.!. lie Wilt purchased the land at public sale cannot, under the facts, operate to the prejudice of tlie claims of the succession of Miller. The decree under which title was made to the estate of De Wilt reserved the rights of Miller’s heirs, and he was'thus not ¡tied of the probable existence of such rights; and, further, he purchased only such tilicas the deceased. Do Witt, had in-the land; and he must, consequently, yield to the. paramount title of Miller, the veudee of De Witt. Upon considering the matters in the record, there being no statement of facts and no sufficient ground to impugn tlie decree, we are •of opinion that the same be affirmed, ami it is so ordered.
Judgment affirmed.