G. R. WILLIAMS ET AL. v. JOHN M. WARNELL, ADM'R, &c.

The legal effect of a general demurrer is to admit the facts plead to be true, but to deny that they constitute a cause of action or ground of defense; and the only question which will be considered under it is, whether any cause of action or ground of defense is disclosed in the pleading demurred to?  Therefore, if sufficient be stated to enable the court to see that a good cause of action or ground of defense exists, however defectively stated, the insufficiency or defectiveness of the averments cannot be taken advantage of on general demurrer.  (Paschal's Dig., Art. 1441, Note 548, pp. 353, 354.)

Though verdict and judgment will not cure a statement of a defective cause of action or ground of defense, yet they will cure all defects, imperfections, or omissions in the pleading, whether of substance or form, if the issues joined be such as require proof of the facts imperfectly stated or omitted. (Paschal's Dig., Art. 1441, Note 548, pp. 353, 354.)

To a suit on a note, the defendants answered, that the plaintiff falsely and fraudulently represented himself to be administrator of the estate of J. D., deceased; that, as such administrator, he sold to the defendants (who believed his representations) a tract of land belonging to said estate, for which defendants executed to him the note sued on; that the plaintiff was not the administrator of said estate; that he had never given bond or taken the oath as such, and that letters of administration had never issued to him; that these defendants have no title to the land purchased, which was

the sole consideration of the note sued on, and that the title to said land is in the heirs of said J. D., deceased; by reason of all which, defendants allege that the consideration of the note has wholly failed, and they ask that the contract be rescinded: *Held,* that although there is some imperfection of statement in the answer, yet it discloses a good defense, and a general demurrer to it was erroneously sustained. (Paschal's Dig., Art. 227, Note 288.)

The answer was objectionable, inasmuch as it did not directly deny the plaintiff's appointment as administrator by the county court, nor that he was the acting and recognized administrator, and in failing to state the facts constituting the fraud charged on the plaintiff, and omitting directly and specifically to offer back to the plaintiff all title or possession of the land acquired by the purchase. (Paschal's Dig., Note 288, p. 148.)  If special exceptions had been taken on account of these imperfections, such exceptions should have been sustained.  But these defects were not reached by a general demurrer; and inasmuch as the answer laid a sufficient predicate for the admission of all the evidence necessary to establish a good defense, the defects would have been cured by verdict.  (Id.)

ERROR from Hill.  The case was tried before Hon. JOHN GREGG, one of the district judges.

All facts necessary to a clear understanding of the rulings are sufficiently stated in the syllabus and in the opinion of the court.  The general demurrer to the special answer having been sustained, the defendant was left without defense, and there was judgment for the plaintiff, from which the defendant appealed.  The question was as to the sufficiency of the answer upon a general demurrer.

*A. Bradshaw,* for the plaintiff in error.

No brief for the defendants in error furnished to the *Reporter.*

COKE, J.—There was manifest error in the ruling of the court below, sustaining the demurrer to the answer.

The answer, it is true, is obnoxious to criticism.  It does not deny directly the appointment of Warnell as administrator by the county court of Hill county, nor that he was the acting and recognized administrator; nor does it

state the facts constituting the fraud which is charged on him; nor does it as directly and specifically offer back the title and possession of the land acquired by the purchase' as it should. If these objections had been set up to the answer by special exceptions, it would have been proper to sustain them. But we are of opinion that they are not reached by general demurrer.

The legal effect of a general demurrer is to admit the facts plead to be true, but to deny that they constitute a cause of action or ground of defense. (2 Tex., 276.) And the only question which will be considered under it is, whether any cause of action or ground of defense is disclosed in the pleadings demurred to. (7 Tex., 517.) Consequently, if sufficient be stated to enable the court to see that a good cause of action or ground of defense exists, however defectively stated, the insufficiency or defectiveness of the averments cannot be taken advantage of on general demurrer.

The verdict and judgment cure all defects, imperfections, or omissions in the pleading, whether of substance or form, if the issues joined be such as require proof of the facts imperfectly stated or omitted, though it will not cure a statement of a defective cause of action or ground of defense. (De Witt v. Miller, 9 Tex., 239.)

The allegations of the answer in this case, admitted by the demurrer to be true, are, that Warnell falsely and fraudulently represented himself to be administrator of the estate of James Day, deceased, and as such administrator (the defendants believing in the truth of his representations) he sold to defendants a tract or lot of land belonging to said estate, for which they executed to him the note sued on; that Warnell was not the administrator of said estate, that he had never given bond or taken the oath as such, and that letters of administration had never issued to him; that they have no title to the land purchased, which was the sole consideration of the note, and that the

title thereto is outstanding in the heirs of James Day, deceased. By reason of all which, they allege that the consideration of the note has wholly failed, and ask that the contract be rescinded.

There is, as before remarked, some imperfection of statement in this answer, but we think it clear that it discloses a good defense. Proof of all the omitted and defectively stated facts which may be necessary to constitute it a formally valid ground of defense would necessarily be made in proving those facts which are properly averred. This answer, without violating that principle which requires the *allegata* and *probata* to correspond, is a sufficient predicate for the admission of all the evidence necessary to establish a good defense, for the admission of proof of all the defectively stated or omitted facts, and hence these defects would be cured by verdict.

These principles are too well established in the adjudications of this court to need further elucidation or discussion. Because of the error of the court below in sustaining the demurrer to the answer in this case the judgment is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.