THOMAS G. DARDEN v. AUGUSTIN T. CROSBY ET AL.

Where the plaintiff averred a case of combination and fraud, in which all the defendants were charged to have participated, so as to avoid paying a debt which it was agreed that the partnership should pay, it was error to sustain a demurrer to the petition.

Even if there were a misjoinder of parties, yet as the case was so stated as to enable the court to protect every equity, the decree should have been rendered accordingly.

ERROR from Upshur.     The case was tried before Hon. CHARLES A. FRAZER, one of the district judges.

The petition alleged that Heale, Crosby, and the plaintiff formed a copartnership, under the style of Heale & Co.; that Crosby invested $417; and that they operated as partners until about the 10th of August, 1866, when Heale and the plaintiff sold their interest in the store to Gorman, for which Gorman sold to them one hundred and sixty acres of land and a growing crop thereon, all estimated at the value of $1,100.  It was then agreed among all the parties that there remained $600 unpaid on the land, for which they gave two promissory notes, payable to J. E. Borders. These notes were executed by Gorman; and, in order to secure the payment of them, Heale and the plaintiff reserved an interest in the groceries, books, &c., which was to be used to meet the payment; and to make the payments secure Heale and the plaintiff guarantied that the books and groceries were more than sufficient to meet the debt, and that they were in fact worth more than the amount, and that Crosby agreed to this arrangement; but, instead of carrying it out, Gorman sold the whole of the groceries and books to Crosby for $450, for which he took his note, payable in March, 1861.  Crosby is charged with bad faith in getting and selling the groceries, and that he is liable to pay the debt for which the land was given.  The plaintiff demurred to this petition, which demurrer was sustained and the cause dismissed, and the plaintiff prosecuted error.

*Camp & Simpson*, for plaintiff in error.—The only question in the whole case, and the only point upon which the court sustained the demurrer was, must Darden, plaintiff in error, first pay off and discharge the outstanding notes given for the land purchased by him before his cause of action matures?  The court below decided that he must; that he must first show that he has sustained actual damage before

a court of equity will come to his relief. The very basis of equity rests in preventing injury, not only to remunerate for injury done, but to see that no injury is done. Here the petition discloses the fact that Gorman, who had converted to his own use the means that were to have been applied to the payment of the notes, was wholly irresponsible in law; that the notes given by Gorman for the land were outstanding and unpaid, and that the land was subject to the payment of the notes, and plaintiff in error must therefore necessarily sustain loss. For the principle here contended for see Story's Equity.

No brief for defendant in error has been furnished the *Reporter.*

Moore, C. J.—The record does not disclose very clearly upon what ground the exceptions to the plaintiff's petition was sustained. It is said in the argument of counsel, however, that it was for want of an averment in the petition that the plaintiff had paid the notes given by defendant, Gorman, for the land sold by him to plaintiff and Heale. If the absence of this averment is the only defect in the petition, we are of opinion the ruling of the court on the demurrer is erroneous. The theory upon which the plaintiff proceeds is not founded upon a mere equitable right on his part to follow a trust fund into the hands of a *male fides* holder, and thereby relieve himself from a charge which has been cast upon him by the wrongful appropriation of such fund. By the contract of plaintiff and Heale with Gorman, he was to place the groceries, notes, and accounts referred to in the petition in their hands, prior to the time when the notes in payment of which they were to be applied became due. The effect of this contract, as between these parties, was, that plaintiff and Heale should discharge the notes, but that Gorman would enable them to do this by placing in their hands effects upon which they could

realize the funds for this purpose by the time the notes should fall due. The contract was not an assignment of the groceries, notes, &c., to secure them against payment of Gorman's notes being enforced against the land purchased of him, but for the transfer to them of these groceries, notes, and accounts, in trust, to be applied in satisfaction of a debt for the payment of which they, as purchasers of the land upon which it was a charge, had become as much interested as Gorman. The cause of action upon which this suit is founded is the breach of this contract, and the fraudulent combination between the defendants to the injury of the plaintiff in its violation. There was a breach of this contract before the land notes became due. Plaintiff's right of action accrued immediately upon the violation of his contract by Gorman. To obtain redress, plaintiff was not required to voluntarily discharge the land notes before they were due, or to delay his suit until that time, and run the risk of irreparable injury from such delay. The fact of Gorman's insolvency, and that these notes, therefore, must in all probability become a charge upon the land, add strength to his equitable ground for relief.

It might perhaps be said that, by the contract, the means to pay these notes were to be intrusted jointly to Heale and the plaintiff, and therefore plaintiff could not maintain the suit in his own name alone. This objection, however, was not made in the court below. If it had been, and it were admitted that Gorman, by the contract, was entitled to look jointly to Heale and the plaintiff for the proper appropriation of the effects to be placed in their hands, yet, as the plaintiff is now the only party interested in the payment of the notes, and the equitable powers of the court are ample to secure Gorman against the possibility of a misapplication of the funds, we think this would furnish no good ground to preclude plaintiff from prosecuting his suit.

The judgment is reversed, and the cause

REMANDED.