The Texas & Pacific Railway Company v. A. E. McCoy.

No. 153.

1. Pleading — Defective Petition for Damages for Personal Injury.—There is no averment, direct or inferential, that the defects in the railway, or in the appliances furnished for coupling the engine and car, which are set out in the petition, were the proximate cause of the injury received by the plaintiff; and this makes the petition obnoxious to a general demurrer, and when such is the case, a motion in arrest of judgment, it seems, should be sustained.

2. Verdict as a Cure of Defects.—In De Witt v. Miller, 9 Texas, 239, it is said: "The verdict cures all defects, imperfections, or omissions in the petition, whether of substance or form, if the issues joined be such as to require proof of the facts improperly stated or omitted, but will not cure or aid a defective title, or cause of action." In applying the rule announced in this case, a majority of the court are of opinion that the case must be reversed. The petition is defective, not in imperfectly stating a cause of action, but in averring facts which of themselves constitute no cause of action.

Appeal from Harrison.     Tried below before Hon. W. J. Graham.

*F. H. Prendergast*, for appellant.—The court erred in overruling the defendant's motion in arrest of judgment, because there is no allegation in plaintiff's petition that the defects or negligence of defendant complained of caused the injury to plaintiff. The appellee may contend that the defect was aided by verdict, but not so. "Thus in assumpsit, if the declaration alleges no consideration, and the jury find verdict for the plaintiff, judgment must be arrested, for the fact that the defendant promised furnishes no legal intendment or inference that the promise was founded on a consideration." Gould's Plead., ch. 10, sec. 22. "So if a master sue for beating his servant, the want of an allegation of loss of service will not be cured by verdict." Sec. 23. "If you sue for damage done by a vicious dog, a verdict will not cure the want of scienter on the part of the dog's owner." Sec. 24. In general, defective allegations will be cured by a verdict, but a total absence of a material allegation is not supplied by a verdict. Steph. Plead., 149; Denison v. League, 16 Texas, 405; Stansbury v. Nichols, 30 Texas, 149.

*James Turner, Scott & Jones*, and *T. P. Young*, for appellee.—The verdict cures all defects, imperfections, or omissions in the petition or statement of the cause of action, whether of substance or form, if the issue joined be such as requires proof of the facts imperfectly stated or omitted. 1 W. & W. C. C., sec. 1184; De Witt v. Miller, 9 Texas, 239; 28 Texas, 610; 22 Texas, 405.

PLEASANTS, Associate Justice.—The appellee, a brakeman in the employment of the appellant, was injured on the 13th day of October,

1890, while coupling the front end of the engine to a freight car on the side track at Buchanan, Texas. He brought suit for the recovery of damages in the District Court of Harrison County, in February, 1891, and defendant, the appellant, answered by general demurrer, general denial, and specially that it was plaintiff's own negligence that caused his injury.

There was no judgment of the court upon the demurrer. Trial was had by a jury, and verdict and judgment were rendered for appellee, on the 27th of February, 1892, for $750. Motions for new trial and in arrest of judgment were made and overruled, and the defendant appealed.

Various assignments are presented and ably discussed in the brief of appellant, but we shall consider only the second, to-wit, " that the court erred in overruling defendant's motion in arrest of judgment, because there is no allegation in plaintiff's petition that the defects or negligence of defendant complained of caused the injury to plaintiff.''

The plaintiff's petition, omitting the address, names of plaintiff and defendant, the prayer for citation, for judgment, and for general relief, is as follows: " That on the 13th day of October, 1890, said defendant company was engaged in running cars for the conveying of freight and passengers for hire over their line of railways, running from Marshall, in the State of Texas, to El Paso, Texas, and from Marshall to Texarkana, in said State of Texas, through the counties of Harrison, Marion, Cass, and Bowie, in said State of Texas, and through and by the station of Buchanan, a station on said defendant company's line of railway; and that on the 13th day of October, 1890, plaintiff was in the employ of defendant company as a brakeman on one of defendant company's freight trains, and as such brakeman was engaged in assisting in running and propelling a freight train from Longview, in Gregg County, Texas, to Bowie County, Texas, over defendant company's said line of railway; and that when said train arrived at said station of Buchanan, it became and was necessary for the employes of said defendant to move some cars which were loaded with lumber from the side track, and in order to draw said loaded cars the engine of said freight train was run in on said side track for the purpose of coupling the cars to the pilot bar, and it then became the plaintiff's duty to go between the engine and loaded car and raise said rod, and make the coupling.

" That the appliances on the engine for coupling cars were defective and dangerous, and the roadbed and track at the said place was rough, uneven, not ballasted and filled in between ties, and had holes in it, and was not properly drained. In making the coupling the plaintiff's knee and foot were caught, mashed, and held fast for a time, which caused a serious, painful injury.

" That said defendant was guilty of neglect in permitting said engine and track to remain out of repair and defective. That said defendant knew of such defects, or by the use of reasonable diligence might have known of them. That said plaintiff was not aware of said defects, and could not by any diligence have discovered the same.

" In consequence of the injury the plaintiff has lost three months time, of the value of $300, and underwent severe suffering, and thereby has been damaged in the sum of $2000; and his knee is stiff and will remain so, which diminishes his capacity to labor about one-fifth; and being a young man about 30 years of age, strong and healthy, he was able before said injury to earn about $100 per month; this stiffened knee has damaged plaintiff to the extent of $2000."

It will be observed that there is no averment, direct or inferential, that the defects in the railway, or in the appliances furnished for coupling the engine and the car, which are set out and described in the petition, were the proximate cause of the injury received by the plaintiff while engaged in making the coupling. This omission makes the petition obnoxious to a general demurrer, in the opinion of the court, and when such is the case, a motion in arrest of judgment, it seems, should be sustained. And in determining whether a motion in arrest should be sustained or not, we are confined to the record of the plaintiff's petition alone, as much so as if that petition was presented for adjudication by demurrer. Denison v. League, 16 Texas, 405.

In De Witt v. Miller, 9 Texas, it is said: " The verdict or decree cures all defects, imperfections, or omissions in the petition or statement of the cause of action, whether of substance or of form, if the issues joined be such as to require proof of the facts improperly stated or omitted; though it will not cure or aid a defective title or cause of action." And in McClellan v. The State it is said by Judge Bell: " The rule given in De Witt v. Miller is correct, and plainly deducible from the authorities and elementary writers on this subject." And upon the authority of these two cases, it is strenuously insisted by appellee's counsel that the action of the lower court in refusing the appellant's motion in arrest of judgment should be sustained. And in support of his position, counsel for appellee also cites the case of Williams v. Warnell, 28 Texas. In the two last cases, the petitions were held to be good on general demurrer, and in the case of De Witt v. Miller there was no demurrer presented, but the motion in arrest of judgment was not sustained, evidently upon the assumption that the petition presented a cause of action, and if defectively stated, the defect was cured by the verdict. A general demurrer admits as true all the facts averred, directly or inferentially, in the pleading, but denies that they contain a cause of action. In applying the rule announced in De Witt v. Miller to this case, a majority of the court are of opinion that the cause must be reversed.

The court holds, that the petition is defective, not in imperfectly stating a cause of action, but in averring facts which of themselves constitute no cause of action.

The cause is reversed and remanded.

*Reversed and remanded.*

Delivered May 11, 1893.