J. T. LEWIS v. M. N. BATTEN.

Decided April 2, 1904.

**Pleading—Defect Cured by Verdict—Mutual Mistake.**

Where, in an action to correct a mistake in a division of land, plaintiff's petition alleged that the error was due to "some mistake, inadvertency, accident or miscalculation," a failure to allege that the mistake was mutual was cured by the verdict, and objection on that account could not be made for the first time on motion for new trial.

Appeal from the District Court of Eastland. Tried below before Hon. J. H. Calhoun.

*Scott & Brelsford,* for appellant.

*J. T. Hammonds,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—In the division of a quarter section of school land in Eastland County, between the parties to this litigation, a mistake was made which resulted in giving appellant eleven acres of land more than he was entitled to. This suit was brought by appellee to correct this mistake, and resulted in a judgment in his favor. The petition was defective in failing to allege that the mistake was mutual, but this defect was complained of for the first time in the motion for a new trial, and was therefore cured by the verdict, the petition alleging that the error in the conveyance sought to be corrected was due to "some mistake, inadvertency, accident or miscalculation," etc. This we construe to be a defective allegation of mutual mistake, and not a total failure to allege such mistake. In the case of Horen v. Lang, 11 Texas, 233, cited by appellant, the objection was made when the evidence was offered. In the following cases objection was held to come too late when made for the first time after verdict. Murphy v. Still, 43 Texas, 123, and De Witt v. Miller, 9 Texas, 239.

Errors are assigned to the charge, but as the evidence showed beyond dispute the fact of mutual mistake—the mistake evidently having been made through miscalculation by the surveyor who divided the land—the defects in the charge would not warrant a reversal of the judgment.

The judgment is therefore affirmed.

*Affirmed.*