AMANDA M. ELLIS, EXECUTRIX, v. HOWARD SMITH COMPANY.

Decided April 20, 1904.

**1.—Defective Pleading—Verdict Curing.**
    A verdict will cure defective pleading except where there is a total
omission to state a cause of action.

**2.—Practice on Appeal—Executrix—Agent—Presumption.**
    In the absence of a statement of facts, proof that an executrix of an estate
authorized her son as agent to make contracts or purchase property in the
furtherance of the business of such estate under authority of the will, or
ratified his acts after they were done, will be presumed, though defectively
averred or omitted in the pleading of one suing upon a note or contract
made by such agent of the executrix.

Error to the District Court of Harris.   Tried below before Hon.
Chas. E. Ashe.

*James C. Baldwin,* for plaintiff in error.

*R. W. Franklin* and *H. F. Ring,* for defendant in error.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by defendant in
error, a private corporation, chartered under the laws of this State,
against plaintiff in error, Amanda M. Ellis, as independent executrix
of the estate of L. A. Ellis, deceased, to recover the sum of $744.01,
besides interest and attorney's fees, upon a promissory note, and the
further sum of $381.50 alleged to be due upon a certain contract de-
scribed in defendant in error's original petition, and to foreclose a
mortgage on certain property, sold by defendant in error to plaintiff
in error, for which the amounts due on the note and contract are part
of the purchase money.
    It was alleged in defendant in error's original petition, upon which
the case was tried, that the business of the estate of plaintiff in error's
testator was carried on in the name of L. A. Ellis at and prior to the
time when the contract was made and the note executed, and that they
were made and executed in such name by plaintiff in error acting through
her son, C. G. Ellis, as her agent and attorney in fact with full power
and authority from her, as executrix of said estate, to act and repre-
sent the estate in all matters pertaining thereto in Fort Bend County,
Texas.   It also appears from the averments in defendant in error's
petition that at the time the property was purchased, for which the note
and contract sued on were made, the estate of plaintiff in error's tes-
tator had and was carrying on a business in Fort Bend County, Texas,
and that the property was purchased for and used for the benefit of
the estate in carrying on and operating such business.
    The plaintiff in error answered by a general demurrer, which was not
presented to the court, and a general denial.   Her answer in no way
traversed the allegations that the contract and note sued on were made
by her as executrix, through her authorized agent, or that they were

made and executed for property purchased by her as executrix from defendant in error for the benefit of the estate of her testator, and actually used and operated in carrying on the business of such estate.

The case was tried before a jury, who, in obedience to a peremptory instruction from the court, returned a verdict in favor of defendant in error for the amount sued on, and establishing the alleged mortgage lien.

There is no statement of facts in the record, nor does it appear from it that any objection was made, either by motion for a new trial or in arrest of judgment, to the verdict or judgment and decree thereon entered.

The only assignment of error is this: "The trial court erred in rendering judgment for plaintiff in any amount, for the reason its petition was wholly insufficient to sustain a judgment against the executrix and estate represented by her for any sum whatever."

If it should be conceded that the petition of defendant in error would have been held bad on demurrer, no demurrer having been interposed, if defective at all, the defects were such as, in our opinion, were cured by the verdict. A verdict will not only aid a defective allegation, but it extends sometimes even to cure an omission altogether to make a necessary allegation. Where there are defects or imperfections in the pleading, yet the issue joined is such as necessarily required on the trial the proof of facts defectively or imperfectly stated, or even omitted, and without which it is not reasonable to presume that a jury would have given a verdict for the party, such deficiency is cured by the verdict. Hill v. Ragland (Ky.), 70 S. W. Rep., 637, and authorities cited; Dunnekake v. Beyer (Ky.), 79 S. W. Rep., 209. The court will, after a verdict, presume or intend that the particular matter which appears to be defective or imperfectly stated or omitted in the pleading, was duly proved at the trial, and such intendment must arise not merely from the verdict, but from the united effect of the verdict and the issue upon which such verdict was given. On the one hand, the particular thing which is presumed to have been proved must always be such as to be implied from the *allegations on the record, by fair and reasonable intendment.* And on the other hand, a verdict for the party in whose favor such intendment is made is indispensably necessary, for it is in consequence of such verdict, and in order to support it, that the court is induced to put a liberal construction upon the allegations in the record. Chitty on Plead., 673. The principle that a defective pleading is cured by the verdict is elementary and obtains in this State, as is illustrated by Phelps v. Brackett, 24 Texas, 236; Tillman v. Fletcher, 78 Texas, 673; Salinas v. Wright, 11 Texas, 572; Denison v. League, 16 Texas, 405; Veal v. Fortson, 57 Texas, 487. It is only where there is a total omission to state a cause of action or some fact essential to the cause of action has been wholly omitted, that a verdict will not cure the defect in the pleading.

When we apply these elementary principles to this case it will be

made to appear beyond question that the assignment of error does not present the matter fatal to the judgment.

It appears from the allegations in the original petition of defendant in error that there was a business of the estate of plaintiff in error's testator that she was carrying on, and it may be that it was shown upon the trial of the case that the testator by his will expressly authorized her to carry on such business, and that in order to enable her to successfully do so, he expressly empowered her to appoint their son, C. G. Ellis, as her agent and attorney in fact, with authority to act in and represent the estate in all matters pertaining to the business of the estate in Fort Bend County, and to that end with power to purchase for and bind the estate in all matters necessary to properly manage the business of the estate in that county. Or, if such authority were not expressly given by the will, that having elected to carry on the business of the estate as independent executrix, it was necessary for her to employ C. G. Ellis as her agent to conduct and manage such business of the estate, and as incidental to such employment, to authorize him for the benefit of the estate to make such contracts binding her as executrix as are the basis of defendant in error's right to recover against her, as such executrix, in this case, and that she did so employ and authorize him as her agent, and that through him, as such agent, she contracted, for the estate, the debt sued on. Or, if the evidence failed to show that C. G. Ellis was authorized by her to purchase the property for which the contract and note sued on were executed, it may have shown that having purchased the property, it was for the benefit of the estate in carrying on the business, and that she, as executrix, with full knowledge of all the facts, ratified his acts in making such purchase by retaining and using the property, and obligating the estate to pay the purchase money evidenced by such contract and note.

As independent executrix plaintiff in error had the power to do, without an order of the county court, every act which an executor administering an estate under control of the court could do with such order. Dwyer v. Kalteyer, 68 Texas, 554. Therefore, in the absence of a statement of facts, it will be presumed that the proof of such facts, though defectively and imperfectly averred in defendant in error's petition, or even omitted, without which it is not reasonable to presume the jury would have given a verdict for plaintiff, was made.

The judgment of the District Court is affirmed.

*Affirmed.*

Writ of error refused.