CITY OF SAN ANTONIO v. BODEMAN.†

(Court of Civil Appeals of Texas. San Antonio. Feb. 11, 1914. Rehearing Denied March 4, 1914.)

1. APPEAL AND ERROR (§ 242*)—PLEADINGS—DEFECTS—PRESENTATION TO TRIAL COURT.

Where there is a total omission of the petition to state a cause of action, or of some fact essential to the cause of action, the defect will not be cured by verdict, and defendant may raise it on appeal, though his general demurrer has not been acted on by the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1417–1425; Dec. Dig. § 242.*]

2. PLEADING (§ 34*) — CONSTRUCTION — DEFECTS.

Where a general demurrer to a petition was not called to the attention of the trial court, and was first urged as ground for reversal on appeal, every reasonable intendment arising on the petition must be resolved in favor of its sufficiency.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 5½, 66–74; Dec. Dig. § 34.*]

3. MUNICIPAL CORPORATIONS (§ 165*)—COMPENSATION OF OFFICER—ACTION—PETITION—OBJECTIONS.

In a suit by an officer against a city to recover salary, failure of the petition to set out the ordinance creating the office in hæc verba or in substance is a defect which should be taken advantage of by special exception, and could not be made a ground for general demurrer.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 373, 374; Dec. Dig. § 165.*]

4. MUNICIPAL CORPORATIONS (§ 186*)—OFFICERS—ACTIONS FOR SALARY—PETITION.

Where, in an action by a detective in a city police department to recover salary, the petition alleged that plaintiff was appointed to the office of detective in the department, and that by a city ordinance the salary of the position was fixed at $85 per month, under which plaintiff was appointed to the position for two years and until his successor was appointed and qualified, such allegations alleged by intendment that the office existed at the time of the appointment, and that it was created by ordinance properly adopted, etc.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 510–517; Dec. Dig. § 186.*]

5. APPEAL AND ERROR (§ 301*)—ASSIGNMENTS OF ERROR—GROUNDS FOR NEW TRIAL.

Rev. St. 1911, art. 1612, as amended by Acts 33d Leg. c. 136, provides that an appellant shall file with the clerk of the trial court all assignments of error distinctly specifying the grounds on which he relies, before he takes the transcript from the clerk's office, provided that where a motion for a new trial has been filed that the assignments therein shall constitute the assignments of error, and that all errors not distinctly specified are waived. Held that, while such act does not require that the formal assignments shall be literal repetitions of the paragraphs of the motion for new trial, it does require that such assignments must be based on the points presented in the motion, and hence an assignment of error complained of which presents a question not hinted at in the motion for new trial cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1743, 1753–1755; Dec. Dig. § 301.*]

Appeal from County Court for Civil Cases, Bexar County; John H. Clark, Judge.

Action by Albert Bodeman against the City of San Antonio. Judgment for plaintiff, and defendant appeals. Affirmed.

Geo. R. Gillette and Robt. G. Harris, both of San Antonio, for appellant. Henry E. Vernor and Joseph Ryan, both of San Antonio, for appellee.

MOURSUND, J. Albert Bodeman sued the city of San Antonio for nine months' salary, at $85 per month, as detective in the police department of said city. He alleged that on July 20, 1911, a commission duly signed by the mayor and attested by the city clerk of said city, under the corporate seal of said city, was issued to him appointing him to the office and position of detective in the police department of said city, he having been previously appointed by the mayor and confirmed by the city council to said office and position as provided by the charter of said city, said appointment, under the Constitution and laws of the state and charter and ordinances of the city, being for the term of two years and until his successor

should be appointed and qualified; that by ordinances of said city and under the budgets thereof the salary of said position was fixed at $85 per month, payable each month, and the city council of said city regularly made provision therefor for the full fiscal years and each month during the two-year period ending May 31, 1913, and paid plaintiff such salary for each month until August 31, 1912, when, without authority of law and without action by the city council as by the charter of said city required, plaintiff was unlawfully by the mayor and city marshal discharged from the service of said city; that he was entitled to a warrant for his said salary at the end of each and every month as by the charter and ordinances of said city provided, but since said last-named date defendant has not paid plaintiff such salary and has refused to issue him any warrant therefor, though provision had been made throughout said period of time for the amount and payment of such salary for such position. Plaintiff alleged further that he had a lien upon the current revenues of the city for the fiscal year ending May 31, 1913, and prayed that said lien be established and that defendant and its officers, agents, and employés be enjoined from disbursing the funds properly applicable to his claim, and also that a mandamus issue requiring them to issue him a proper warrant for the sum due him, including interest, and requiring them to pay same out of the revenues for said fiscal year and of any other year properly applicable thereto. Defendant answered by general demurrer and general denial. Upon a trial before the court judgment was rendered awarding plaintiff $797.92, and granting the relief by mandamus and injunction as prayed for by him. Defendant appealed.

[1] By the first and second assignments of error it is contended that the general demurrer should have been sustained. Appellee objects to the consideration of these assignments because the judgment fails to show any action on the demurrer. Our courts have frequently stated that, where the record does not show that demurrers and exceptions were called to the attention of the trial court and passed upon, they will be considered as waived. Moore v. Woodson, 44 Tex. Civ. App. 503, 99 S. W. 116; Insurance Co. v. Boren, 83 Tex. 97, 18 S. W. 484; Floyd v. Rice, 28 Tex. 341; Railway v. Rollins, 89 S. W. 1099; Bonner & Eddy v. Glenn, 79 Tex. 533, 15 S. W. 572; Cotton v. Cooper, 160 S. W. 602. Authorities are cited in Encyclopedic Digest of Texas Reports, vol. 6, p. 310, as supporting the rule above stated, but an examination of them shows that many only involved rulings upon special exceptions. But in the case of Beaumont Irrigating Co. v. Gregory, 136 S. W. 548, the court states that such rule of waiver applies to special exceptions, but not to a general demurrer. This statement is based upon the decisions which hold that, when a petition is fatally defective and fails

to state a cause of action, the fact that defendant did not rely upon his demurrer will not prevent him from availing himself of such defect on appeal. Grant v. Whittlesey, 42 Tex. 320; Bradshaw v. Davis, 12 Tex. 345; Stansbury v. Nichols, 30 Tex. 150; Black v. Calloway, 30 Tex. 237; Alamo Ins. Co. v. Davis, 45 S. W. 604; Schuster v. Frendenthal, 74 Tex. 54, 11 S. W. 1051. A petition may fail to state a cause of action because of the omission of necessary averments. T. & P. Ry. Co. v. McCoy, 3 Tex. Civ. App. 276, 22 S. W. 926. Again it may show on its face that recovery is sought upon an illegal contract. Redland Fruit Co. v. Sargent, 51 Tex. Civ. App. 622, 113 S. W. 330; Norris v. Logan, 97 S. W. 820. Or it may allege facts showing a defense to the cause of action sought to be recovered upon. Moore v. Snell (Sup.) 88 S. W. 273. The cases holding that a general demurrer may be waived, and those holding that it may be interposed upon appeal, though not presented in the trial court, present an apparent conflict. Our investigation leads us to believe that in many cases cited in support of the doctrine that a general demurrer may be waived the court was considering special exceptions, while in others the objections urged as sufficient to sustain a general demurrer were of such a character that they should have been presented in the form of special exceptions.

It will be noticed that the case of Chambers v. Miller, 9 Tex. 236, apparently holds that a demurrer may be waived, but in fact the demurrer was to the answer, and the sufficiency of the pleadings to support the judgment was not before the court. In the next case, in the same volume, De Witt v. Miller, 9 Tex. 239, the court recognizes the doctrine that defects in a petition may be of such character that they may be taken advantage of in the appellate court, though no demurrer was filed below. The case of Rowlet v. Fulton, 5 Tex. 458, has also been cited in support of the waiver of a general demurrer, but in fact the court said: "The record shows no action on the demurrer; and, unless the objections would be fatal on error, they cannot be noticed on appeal." The court declined to examine into the alleged defects because the case was reversed upon another ground. There can be no doubt that our courts have always held that a fatally defective petition may be attacked upon appeal, though such error was not urged below or was apparently waived. But the rule sometimes imposes a hardship, and, in order to avoid such hardships as much as possible, it is held that the answer may be considered with the petition to see whether the pleadings support the judgment. In fact, our courts have gone a step further, and held that, even when a demurrer is urged against a petition in the lower court, such petition may be aided by the averments of the answer. For authorities, see Peoples v. Brockman, 153 S. W. 910. This holding is

not logical in view of the statute which requires defensive pleadings to be filed at the same time and in due order, but it does no injustice and appears to be settled law in this state. It is also held that the verdict may cure defects in the petition. De Witt v. Miller, 9 Tex. 245; McClellan v. State, 22 Tex. 409; Williams v. Warnell, 28 Tex. 610; Schuster v. Frendenthal, 74 Tex. 54, 11 S. W. 1051; Lewis v. Batten, 35 Tex. Civ. App. 370, 80 S. W. 389; Indiana & Ohio L. S. Ins. Co. v. Smith, 157 S. W. 755; Rich v. Telegraph Co., 101 Tex. 470, 108 S. W. 1152; Ellis v. Howard Smith Co., 35 Tex. Civ. App. 566, 80 S. W. 633.

In the cases of Stansbury v. Nichols, 30 Tex. 150, and T. & P. Ry. Co. v. McCoy, 3 Tex. Civ. App. 276, 22 S. W. 926, it was held that the defects were not cured by the verdict. In the cases of De Witt v. Miller and Schuster v. Frendenthal, supra, the court undertook to briefly lay down a rule for determining when a verdict cured a defect in pleading. See, also, Townes, Texas Pleading (2d Ed.) p. 440, for a statement of the rule, and, for a full discussion, see Chitty on Pleading (16th Ed.) pp. 705–716. On page 711, after discussing many cases, the author says: "It will be observed that in all the cases we have given upon this subject, although the particular matter was not stated in express terms, the declaration or other pleading in each case contained terms sufficiently general to comprehend it in fair and reasonable intendment." The author shows that in some cases the rule has been extended to cure by verdicts entire omissions in pleadings, upon the presumption that proof of the omitted fact was made in order to procure the verdict; but he considers such cases in conflict with the weight of authority. It is plainly deducible from the cases decided by our Supreme Court that said court has always been of the opinion that when the sufficiency of the petition is questioned for the first time after verdict more liberal rules should be applied in passing on the same than are laid down for testing the pleading when the demurrer is interposed and urged at the proper time. But the cases cited by us, in so far as they undertake to announce a rule, go back to Chitty on Pleading for the same, and we find no definite statement by our Supreme Court of the adoption of a more liberal rule than that sustained by the weight of authority according to said work, and the words above quoted from such work indicate the application of the rule so announced to be practically equivalent to the application of rule 17 for our district and county courts (142 S. W. xviii). Nor are we able to see any substantial difference between many allegations held sufficient in our courts upon applying rule 17, and those thought to be insufficient in other cases but held to have been cured by verdict. Our courts have adhered to the view that where there is a total omission to state a

cause of action, or some fact essential to the cause of action has been wholly omitted, a verdict will not cure the defect. Ramsay v. McCanley, 2 Tex. 189; Ellis v. Howard Smith Co., 35 Tex. Civ. App. 566, 80 S. W. 633. The modern tendency is toward greater liberality in the construction of pleadings in order not to require the retrial of a case when justice has been done, and the parties understood what the points in issue were, and the same were submitted to a court or jury.

[2] The sufficiency of the petition in the instant case being assailed, we must examine the same, and see whether the objections made thereto demonstrate that no cause of action is alleged. No answer having been filed, except a general denial, the petition must be tested by its averments alone. But every reasonable intendment arising upon such petition must be resolved in favor of its sufficiency. Rule 17 for District & County Courts. We must consider everything as properly alleged which by reasonable construction is embraced within the allegations contained in the petition. Martin v. Brown, 62 Tex. 467; Railway v. Hinzie, 82 Tex. 623, 18 S. W. 681; Gibbens v. Bourland, 145 S. W. 275; Morgan v. Brown, 156 S. W. 362.

Three objections are urged: (1) The failure to allege the creation by ordinance of the office of "detective in the police department" and the existence of such office at the time of plaintiff's alleged appointment. (2) The failure to set out the ordinance which creates the office in hæc verba or in substance. (3) The failure to allege that the mayor was authorized by ordinance to employ and appoint a person to fill the office or position of "detective in the police department" for the term for which plaintiff claims to have held the office.

[3, 4] The failure to set out the ordinance which creates the office in hæc verba or in substance is a defect which clearly should be asserted by special exception and cannot be ground for sustaining a general demurrer. City of Austin v. Walton, 68 Tex. 507, 5 S. W. 70; Brush E. L. & P. Co. v. Lefevre, 93 Tex. 604, 57 S. W. 640, 49 L. R. A. 771, 77 Am. St. Rep. 898. Conceding that the establishment of a police department must be made by ordinance (see sections 51 and 65 of charter), and that the petition must allege the creation thereof by ordinance and the existence thereof at the time plaintiff's alleged appointment took place, we do not think the petition is subject to the first objection. The allegation that plaintiff was appointed to the office of detective in the police department carries with it the intendment that such office existed at the time of such appointment. The allegation that by ordinances of said city the salary of said position was fixed at the sum of $85 per month carries with it the intendment that the office was created by ordinance, and so does the allegation that under the ordinances of the city the appoint-

ment of plaintiff to the office and position was for two years and until his successor should be appointed and qualified. The third objection is also without merit. Section 16 of the charter does not mean that the mayor is empowered "to make appointments when he is so authorized by ordinance," as contended by appellant, but that when by ordinance certain officers are authorized, that is, the offices created, the mayor makes the appointments, and no ordinance need be passed specially empowering him to make the appointments, for that power is given him by charter.

In support of indulging the intendments above mentioned, we cite the following cases: Rutherford v. Smith, 28 Tex. 322; Insurance Co. v. Gibbs, 35 S. W. 679; Insurance Co. v. Pearlstone & Smith, 18 Tex. Civ. App. 706, 45 S. W. 832; Pennington v. Schwartz, 70 Tex. 211, 8 S. W. 32; Wynne v. Bank, 82 Tex. 378, 17 S. W. 918; Gibbens v. Bourland, 145 S. W. 274; Railway v. Morris, 68 Tex. 61, 3 S. W. 457. We also invite a comparison between the averments of this petition and those in the following cases, in which the verdict was held to have cured the defects, viz.: McClellan v. State, Williams v. Warnell, Schuster v. Frendenthal, Ellis v. Howard Smith Co., Indiana & Ohio L. S. Ins. Co. v. Smith, all hereinbefore cited.

If the return of a verdict or rendition of judgment by the court sitting without a jury cures defects additional to those cured by indulging every reasonable intendment, then this is manifestly a case in which the rule should be applied. The assignments are overruled.

[5] By the third assignment it is contended that the court erred in rendering judgment for the plaintiff because the salary was not fixed by the city council by ordinance. Objection is made to the consideration of this assignment because this ground of insufficiency of evidence was not mentioned in the motion for new trial. Said motion was filed October 23, 1913. By chapter 136 of the Acts of the Thirty-Third Legislature (Regular Session) which became a law on April 4, 1913, article 1612 of the Revised Statutes of 1911 was amended so as to read as follows: "The appellant or plaintiff in error shall in all cases file with the clerk of the court below all assignments of error, distinctly specifying the grounds on which he relies, before he takes the transcript of record from the clerk's office; provided, that where a motion for new trial has been filed that the assignments therein shall constitute the assignments of error and need not be repeated by the filing of the assignments of error, and provided further, that all errors not distinctly specified are waived, but an assignment shall be sufficient which directs the attention of the court to the error complained of.".

By the terms of this act, when a motion for new trial has been filed, the assignments therein shall constitute the assignments of error, but may be repeated by the filing of formal assignments of error. We do not understand this to mean that the formal assignments of error should be literal repetitions of the paragraphs of the motion for new trial, but that such assignments must be based upon the points presented in the motion for new trial, as no authority is given for presenting additional assignments to those mentioned in the motion for new trial. We think it was the intention of the Legislature that if a motion for new trial be filed all matters relied upon as error should be called to the trial court's attention in such motion. By the concluding paragraph of the amended article an intention is evidenced to do away with matters of form which do not affect the real merits of an assignment of error, but in this case in the motion for new trial the attention of the trial court was not directed to the particular point now complained of, and, as such paragraphs raise the only questions upon which assignments of error could be predicated, we do not think the last clause of the amendment can be invoked to aid appellant's third assignment of error. Our attention is directed by the assignment to the error complained of, but, as no such error was hinted at in the motion for new trial, much less distinctly specified, we hold that it was waived. The assignment will not be considered.

Judgment affirmed.