OLD FAITHFUL OIL CO. v. McGIVERAN. (No. 5933.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 9, 1918.)

1. APPEAL AND ERROR ⬅➡301—REVIEW—ASSIGNMENTS OF ERROR WITHOUT BASIS IN MOTION FOR NEW TRIAL.

Assignments of error, finding no basis in the motion for new trial, cannot be considered.

2. APPEAL AND ERROR ⬅➡230—RESERVATION OF GROUNDS OF REVIEW—REQUEST FOR PEREMPTORY INSTRUCTION AND OBJECTION TO CHARGE.

Where a peremptory instruction was not requested by plaintiff at the proper time, and its refusal excepted to, and plaintiff did not object to the court's charge, plaintiff cannot complain of such charge or the court's refusal to give a peremptory instruction for plaintiff.

3. APPEAL AND ERROR ⬅➡1039(6)—PLEADINGS—FUNDAMENTAL ERROR.

Where it cannot be said that the answer discloses no defense, fundamental error is not apparent from the pleadings; trial having resulted in verdict for defendant.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Suit by the Old Faithful Oil Company against John T. McGiveran. From a judgment for defendant, plaintiff appeals. Affirmed.

McAskill, Simmang & Mauermann, of San Antonio, and W. W. Holland, of Washington, D. C., for appellant. Ball & Seeligson, of San Antonio, Ed. H. Cassells, of Chicago, Ill., and C. W. Trueheart, of San Antonio, for appellee.

MOURSUND, J. This is a suit by appellant, a corporation, against appellee, its president. Appellant alleged that appellee was withholding from appellant a certain deed made to it by appellee and B. F. Nysewander, Jr., and by failing to record said deed as directed, appellee had damaged appellant in the sum of $150,000, the consideration recited in said deed. It is further alleged: That appellee, while president of appellant company, assumed control of its operations, and, without the consent of its board of directors, began a system of wildcatting, sinking a deep well in unexplored strata, same proving a dry hole, and in sinking of which appellee incurred debts against appellant's property in the sum of about $3,000, said debts being afterwards paid by appellant. That appellee misappropriated $5,000 of appellant's money, handling same in a manner expressly prohibited by its by-laws, in that he deposited same in a bank other than the bank used by appellant and withdrew same over his signature, using same either personally or in wildcatting for appellant. That among said moneys so misappropriated were the following amounts received for stock from the following parties: $500, H. H. McLean; $500, Eva Lee Hunt; $1,000, Nathaniel R. Losch; $500, Robert A. Black; $10, Isadore Howitz; $10, Walter F. Johnson; $30, G. R. Stallworth; $30, Olof Ogren— these amounts being feloniously embezzled by appellee or else withdrawn by appellee upon false, fraudulent, and forged checks. That appellee, after receiving for appellant $500 from one Woessner and $1,500 from H. H. McLean for appellant's stock, without authority, turned said $500 back to Woessner, receiving back the stock, and himself embezzled said $1,500, returning with same to Chicago. That appellee also appropriated certain small amounts belonging to appellant to his own personal use, among same being an item of $125 out of $500 worth of stock sold to one Rallston. Appellant further alleged that it had both a common-law and a contract lien upon certain 5,000 shares of its capital stock belonging to appellee, and asked a decree protecting its title to the land covered by the deed before mentioned, and awarding it recovery for its debt with interest, together with foreclosure of its said lien.

Appellee, in his second amended original answer, alleged that he had been holding the deed referred to at the request of B. F. Nysewander, Sr. and Jr., and now tendered same to appellant to whom it belonged; that the drilling of the deep well referred to was undertaken by B. F. Nysewander, Jr., prior to the time appellee came to Texas, and when he came and took charge, said well was continued by him with the sanction of the Nysewanders, Sr. and Jr., various amounts being spent on behalf of same, as well as in settlement of debts previously incurred by the said Nysewanders for the benefit of appellant company, all of same being done by appellee with the knowledge, consent, and acquiescence of the Nysewanders, Sr. and Jr.; they being the other two directors composing the directorate of appellant company along with appellee, its president, and such expenses not being objected to by the other directors until long after the well proved to be nonproducing; that appellee, while acting as president of appellant company, received the

─────

total sum of $3,008.70 for and on behalf of the company, and as president, and with the sanction of his codirectors, he in good faith expended said entire amount for and on behalf of the company, with the exception of $9.11 remaining on deposit to the credit of the Old Faithful Oil Company; that the Woessner stock was merely sent on approval, and was rejected by Woessner without remittance of money; that $1,500 worth of stock was issued to H. H. McLean in payment of commissions earned by him in the sale of stock for appellant company, and that appellee never received any money from McLean for stock referred to; that the $125 claimed by appellee out of $500 worth of Rallston stock was retained by appellee as commission due him on the sale of said stock.

In its first supplemental petition, appellant alleged that it was incumbent upon B. F. Nysewander, Jr., and J. T. McGiveran to place on the deed above referred to $100 worth of revenue stamps, and since the former was claimed to have given the latter his half thereof, it sought recovery of the further sum of $100.

In its trial amendment, being filed in response to appellee's special exceptions, appellant specifically alleged the various items going to make up the $5,000 claimed by it to have been misappropriated by appellee. It also alleged in detail the deposits made by appellee to the credit of the Old Faithful Oil Company, and the withdrawals of said deposits by appellee. The balance of the allegations in this petition are immaterial amplifications of appellant's original allegations.

In his trial amendment, filed in response to special exceptions of appellant, appellee alleged that the Old Faithful Oil Company was first operated as a Delaware corporation, and upon its incorporation in Texas both debit and credit accounts of the former corporation were continued by agreement of the three directors and sole stockholders, the two Nysewanders and appellee. It was further alleged that when appellee discovered the extravagant expenditures of B. F. Nysewander, Jr., as manager of appellant company, and his illegal appropriation of $2,400 of its money, appellee himself assumed control of the company's affairs, with the consent of the other directors. Appellee further made a counterclaim for $783, same being railroad fare and hotel bills paid by appellee while on appellant's business. In addition to this appellee filed a first supplemental answer containing general denials.

The trial resulted in a verdict in favor of appellee as to appellant's suit, and against appellee on his counterclaim, and judgment was entered in accordance therewith.

Objection is made to the consideration of the assignments of error for the reason that, instead of using the paragraphs of the motion for new trial as the assignments, formal assignments were thereafter filed, which are copied in the brief, and which it is contended differ essentially from the grounds urged in the motion for new trial.

[1, 2] The second, sixth, seventh, eighth, ninth, eleventh, and twelfth assignments find no basis whatever in the motion for new trial, and cannot be considered. City of San Antonio v. Bodeman, 163 S. W. 1043. The other assignments complain of the failure to give a peremptory instruction and of the charge of the court, and it would be profitless to determine whether they are supported by the motion for new trial, for there is another objection to them which requires that they be overruled. The record fails to show that a peremptory instruction was requested, except that mention thereof is made in the motion for new trial, and fails to show that it was presented at the proper time and its refusal excepted to. The record does not contain any objections by plaintiff to the court's charge. Under these circumstances it must be held that plaintiff cannot complain of the court's charge or his refusal to give a peremptory instruction in his favor.

[3] It cannot be said that the answer discloses no defense, and therefore it cannot be contended that fundamental error is apparent from the pleadings. Johnson v. Hall, 163 S. W. 400. There being no fundamental error apparent, the judgment will be affirmed.

Affirmed.