CHARLES D. TENNELL v. THOS. BREEDLOVE ET AL.

(Case No. 1305.)

1. COLLATERAL PROCEEDING — JUDGMENT.— A domestic judgment of a court of general jurisdiction upon a subject matter within the ordinary scope of its power, is entitled to such absolute verity that in a collateral action, even when the record is silent as to notice, the presumption, when not contradicted by the record itself, that the court had jurisdiction of the person also, is so conclusive, that evidence *aliunde* will not be heard to contradict it.

APPEAL from Hays.　Tried below before the Hon. John P. White.

Suit by appellant against appellees to try the title and for possession of the league of land described in plaintiff's petition, claiming the same as son and sole surviving heir of James Tennell, deceased.　On the 10th day of March, 1874, he filed an amended petition, in which he asserted the nullity of a certain judgment or decree, rendered by the district court of Travis county the 7th day of September, A. D. 1842, against his ancestor James Tennell, in a certain suit styled, George Tennell v. James Tennell, No. 114, in which the title of the league of land is decreed to be divested out of James Tennell and vested in George Tennell, and authorizing the clerk to make him a formal deed therefor (which was afterwards done), and that appellees claim title to the land in controversy by and through said decree.　The appellant in his amended petition charged that the decree was void: 1st, because there was no service on James Tennell; 2d, because there was no appearance by him or any authorized attorney; 3d, because the same was procured by fraud, in this, that Conly, who was the attorney for the plaintiff, and the plaintiff confederated and combined together to defraud James Tennell; and knowing that he had no notice of the suit, imposed upon and deceived the court by pretending that James Tennell was before the court, and thereby fraud-

ulently procured the decree, and other grounds of fraud. The decree, so far as the same is material to the decision, is as follows:

"GEORGE TENNELL V. JAMES TENNELL.

"Be it remembered, that the 7th day of September, 1842, at the court house in the city of Austin, came on this cause to be heard, and also came the parties by their attorneys, and the complainant's bill being heard, the respondent answered not, but makes default, upon which the cause is heard by the court," etc.

The appellees demurred to the amended petition on the ground that a judgment or decree could not thus be attacked in a collateral proceeding. The demurrer was sustained, and the trial resulted in a judgment for appellees, from which appellant appealed.

*T. M. Harwood, L. H. Planck* and *Jackson & Jackson*, for appellant.

In the following cases this court has opened the question of jurisdiction and entered into inquiries regarding it: Withers *v.* Patterson, 27 Tex., 491; Rodriguez *v.* Lee, 26 Tex., 32; Yturri *v.* McLeod, 26 Tex., 84; Morris *v.* Halbert, 26 Tex., 22; Thouvenin *v.* Rodriguez, 24 Tex., 468; Fitzhugh *v.* Custer, 4 Tex., 399; Merritt *v.* Clough, 2 Tex., 582; Horan *v.* Wahrenberger, 9 Tex., 319; Norwood *v.* Cobb, 24 Tex., 551; Norwood *v.* Cobb, 15 Tex., 500.

In many of these cases this court sustained the jurisdiction in the courts rendering the judgment, but, nevertheless, these cases show that this court has always gone into the question to determine whether or not the courts had jurisdiction.

In 6 Wendell, p. 453, the identical question involved in this case was up for consideration, when the court held that the judgment might be impeached by showing want of authority in the attorney.

The question was again before the supreme court of New York in the case of Noyes *v.* Butler, reported in 6 Barb., 615, when that high tribunal sustained the positions we have assumed in the present case, and on a full investigation of authorities, rendered a most satisfactory opinion, from which we take the following quotations:

"The want of jurisdiction is a matter which may always be set up against a judgment when sought to be enforced, or when any benefit is claimed under it." "The want of jurisdiction makes the judgment utterly void and unavailable for any purpose." . . . "No court can acquire jurisdiction on a false assertion of facts on which jurisdiction depends" (on page 616, citing 5 Hill, 168).

"The defendant is not estopped by such statement *(i. e.,* jurisdictional statement) in the record, from contradicting and disproving it." "A party may show that the instrument produced is not in truth a record. Thus, the defendant may show that it is a forgery, or he may show a want of jurisdiction in the court pronouncing the judgment." "If the court had no jurisdiction, the paper introduced is as to the defendant no record. The principle which forbids the contradiction of a record has no application to a case where the question is whether there is or is not a record."

It is true, that some of these adjudications are on judgments rendered by courts of other states than the courts inquiring into them, but the inquiry is as to whether or not they are judgments at all, and not as to the merits of the matters adjudicated. They are placed upon the same footing they would occupy in the courts of the state rendering them; the courts conceding all the time that if they are judgments at all, the adjudications are final. In the case of Noyes *v.* Butler, above referred to, the court say (top of page 617), that "judgments of courts of sister

states rank as high as a domestic judgment, and will be as conclusive as such a judgment upon the parties," citing 9 Mass., 468; 6 Wend., 453; 6 Pick., 241.

It is universally conceded that fraud vitiates everything it enters into. Judgments of courts are no exception; they can always be impeached for fraud. Hutchins *v.* Lockett, 39 Tex., 169; 4 How., 503. Mr. Justice Story in Bradstreet *v.* Neptune Ins. Co., 3 Sumner, 603, in treating of the question of fraud, says: "I know of no case where fraud, if established, is not sufficient to overthrow any judgment or decree, however solemn may be its form or promulgation."

*John Ireland,* for appellees.

*W. O. Hutchison,* also for appellees.

WATTS, COMMISSIONER.— The sole question presented for determination is this: Can a judgment of a domestic court of general jurisdiction be attacked, in a collateral proceeding, on the grounds asserted in appellant's amended petition? We are of the opinion that it cannot be done.

The supreme court, in the case of Fitch *v.* Boyer, a case directly in point, say: "Whatever may be the hardship of the particular case, yet, upon considerations of public policy and from the weight of authority, we deduce as the true rule, the proposition that a domestic judgment of a court of general jurisdiction, upon a subject matter within the ordinary scope of its power and proceedings, is entitled to such absolute verity, that in a collateral action, even where the record is silent as to notice, the presumption, when not contradicted by the record itself, that the court had jurisdiction of the person also, is so conclusive that evidence *aliunde* will be admitted to contradict it." See 51 Tex., 344.

A further citation of authority upon this point is unnecessary.

There is no error in the judgment, and the same is affirmed.

AFFIRMED.

[Opinion delivered March 15, 1881.]