SUPREME COMMANDERY KNIGHTS OF GOLDEN RULE v. SARAH ROSE ET AL.

(Case No. 1763.)

1. PRACTICE IN SUPREME COURT — BILL OF EXCEPTIONS.— Every ruling of the lower court, made a ground of error, should plainly appear in the transcript, and nothing be left to inference. All rulings, save those particularly excepted by rules 53 and 54 of the district court, upon incidental motions, as a refusal by the trial judge to give his conclusions of law and fact, must be made the subject of a bill of exceptions, or they will be considered as waived.

2. SAME — DEMURRER.— A demurrer will be considered as having been waived when the record does not show that it has been acted upon. Following Floyd v. Rice, 28 Tex., 341; Rowlett v. Fulton, 5 Tex., 458; Chambers v. Miller, 9 Tex., 236.

---

Opinion of the court.

---

Appeal from Kaufman. Tried below before the Hon. Green J. Clark.

*Manion & Adams*, for appellant.

*W. H. Allen*, for appellee.

Willie, Chief Justice.— This cause is brought here upon a single assignment of error, to the effect that the court erred in refusing to state in writing its conclusions of fact separate from its conclusions of law, as requested by the appellant's counsel.

There is in the transcript a motion filed by appellant's counsel which amounts to such a request, but there is nothing to show that it was ever brought to the attention of the court, or insisted upon by the counsel making it.

We are asked to infer that it was refused because there is in the record no statement by the judge of his conclusions of law or fact.

We do not think that we are authorized to make such an inference.

Every ruling of the court made a ground of error should plainly appear in the transcript, and nothing should be left to inference. Our rules require that all rulings upon incidental motions, and upon other proceedings in the case (with certain exceptions), which are sought to be revised, must be made the subject of a bill of exceptions, or they will not become a part of the record in the cause. Rules Sup. Ct., No. 55.

The exceptions to this requirement are plainly set forth in rules 53 and 54, and do not include a motion like the present; but such a motion is clearly embraced in the general rule above stated.

This court has held that it will not presume that a demurrer was acted upon by the court when the record does not show that fact, but, on the contrary, the presumption would be that it was waived. Floyd *v.* Rice, 28 Tex., 341; Rowlett *v.* Fulton, 5 Tex., 458; Chambers *v.* Miller, 9 Tex., 236.

It has also held that it will not revise a ruling refusing a continuance, although the record plainly showed such refusal, unless a bill of exceptions was taken to the action of the court. 29 Tex., 191; 25 Tex., 53; 16 Tex., 93.

A motion of the kind we are considering, and the action of the court upon it, do not, according to our rules, constitute a part of the record proper, and the proper practice is to make it the subject· of a bill of exceptions.

When the ruling of the court upon the motion is not made to

appear affirmatively, we must presume that the motion was not insisted upon or brought to the attention of the court. Otherwise it would be in the power of the losing party, in a cause tried before the judge alone, where the conclusions of law and fact were not in the record, to procure a reversal by filing among the papers of a cause a request of this kind, not entered upon the motion docket, or made known in any manner either to opposite counsel or to the judge trying the cause.

We do not think that the error complained of is such as we can take notice of in the state of the record, and the judgment is affirmed.

AFFIRMED.

[Opinion delivered November 7, 1884.]