## MRS. E. C. ARTHUR ET AL. v. J. W. DRIVER ET AL.

### Decided March 26, 1910.

**1.—Judgment—Control of—Issuance of Execution.**

After a judgment creditor has formally sold and assigned his entire interest in the judgment he has no right to order the issuance of execution on the same; and a sale of the judgment debtor's property under and by virtue of an execution so issued, the original judgment creditor being the purchaser, will be annulled at the instance of the judgment debtor.

**2.—Same—Statute Construed.**

The duty imposed upon clerks of courts by article 2324 Rev. Stats. to issue execution upon unpaid judgments after adjournment of court, does not arise until application is made therefor by the owner of the judgment and will not authorize the issuance of an execution upon the request of one not the owner of the judgment.

Appeal from the District Court of Midland County. Tried below before Hon. Ed W. Smith, Special Judge.

*G. B. Smedley,* for appellant.—The issuance of execution by the clerk is a ministerial duty imposed by statute, and its issuance at the request of one not the owner of the judgment does not render the execution void, nor is it even an irregularity. Rev. Stats., art. 2324; Smith v. Perkins, 81 Texas, 152; Patton v. Cox, 97 Texas, 253; Ryan v. Raley, 48 Texas Civ. App., 187; Garvin v. Hall, 83 Texas, 295.

*Charley Gibbs,* for appellee.—An execution issued without the au-

thority of the owner of the judgment upon which said execution is issued, is void. Rev. Stats., art. 4647; Freeman on Executions, sec. 21; Remington Paper Co. v. O'Dougherty, 81 N. Y., 474; Mawson v. Wermuth, 74 N. E., 829.

DUNKLIN, ASSOCIATE JUSTICE.—An execution issued upon a judgment recovered against J. W. Driver and D. C. McCormick was levied upon six town lots in the town of Midland belonging to J. W. Driver. Under this levy the property was sold to Mrs. E. C. Arthur for the sum of fifty dollars. Mrs. E. C. Arthur and her husband, George P. Arthur, were plaintiffs in the judgment, but prior to the issuance of the execution they had transferred the judgment to B. A. Cox, the transfer being in writing and duly filed and entered upon the margin of the minutes of the court where the judgment was recorded, in accordance with the requirements of article 4647, Sayles' Texas Civil Statutes. The execution was issued and levied and the sale made at the request of George P. Arthur without the knowledge or consent of B. A. Cox, the sole owner of the judgment. In this suit J. W. Driver, as plaintiff, recovered judgment vacating the sale of the property, and George P. Arthur and wife have appealed.

B. A. Cox, who was made a party defendant, filed an answer alleging the facts above set out and also sought to have the sale annulled, but upon motion of his codefendants, George P. Arthur and wife, the trial court held that he was not a proper party and dismissed him from the suit. The judgment in favor of plaintiff was in response to a peremptory instruction by the trial judge.

Sayles' Texas Civil Statutes, article 2324 provides that from and after adjournment of every District or County Court the clerk shall issue executions on all final judgments that have not been paid. Appellants contend that as the duty to issue the execution was thus imposed by the statute, the fact that it was issued at the instance of George P. Arthur did not affect its validity. We have been cited to no decision in Texas directly applicable, but it seems well settled in other States that the owner of the judgment has exclusive control over its collection, and we approve that rule.

"As the judgment is the property of the plaintiff, he alone, while the property remains his, is entitled to exercise dominion over it. As a writ of execution is the only means by which the property can be made productive, the owner of the property is necessarily the person entitled to call for the writ; to withhold the writ from him is in effect to withhold from him the beneficial enjoyment of his property, and to allow another to call for or to control the writ is to turn the dominion of property over to one who has no right thereto. . . ." 1 Freeman on Executions, section 21.

By articles 1422-3-4, Sayles' Texas Civil Statutes, the officers of court are given a remedy for the collection of their costs by execution issued exclusively for that purpose, and as no officer of the court has any interest in the plaintiff's recovery it is believed that the duty imposed upon the clerk by article 2324, *supra,* to issue an execution upon any unpaid judgment after adjournment of court,

does not arise until application is made for such writ by the owner of the judgment.

We have found no error in the judgment rendered in this suit and it is affirmed.

*Affirmed.*