ELSTUN v. SCANLAN et al.    (No. 5977.)

(Court of Civil Appeals of Texas. San Antonio. April 3, 1918.)

1. JUDGMENT ⟨⟩461(4)—VACATION IN EQUITY—JUDGMENT ON CROSS-BILL—SHOWING OF NULLITY.

To show that judgment for defendants on their cross-bill is a nullity, it must affirmatively appear from the judgment record that the court did not acquire jurisdiction over plaintiff's person as to the cross-action.

2. JUDGMENT ⟨⊜⟩279 — RECORD — SERVICE OR APPEARANCE.

A judgment against plaintiff on cross-bill, supported by a judgment record silent on the question of service on plaintiff or his appearance, is not a nullity.

3. JUDGMENT ⟨⊜⟩407(4)—VACATION IN EQUITY—LACK OF JURISDICTION.

Where the court was in error in asserting jurisdiction of plaintiff's person on defendants' cross-bill for lack of service or appearance matters apparent of record, the error required correction by suing out writ of error, and, in the absence of showing that plaintiff by exercise of diligence could not have procured relief thereby, separate suit in equity will not lie to set aside judgment against him on the cross-action.

4. JUDGMENT ⟨⊜⟩407(3) — VACATION IN EQUITY—LEGAL REMEDY.

If the record does not speak the truth, and extraneous evidence is necessary to establish the facts as to jurisdiction, suit to set aside judgment on cross-bill against plaintiff on the ground the court had no jurisdiction of his person is the proper remedy, but it must appear he had no opportunity to move for new trial during term.

5. JUDGMENT ⟨⊜⟩407(4)—VACATION IN EQUITY—LEGAL REMEDY.

Failure to prosecute remedy by writ of error from judgment on cross-bill against plaintiff, erroneous because court had no jurisdiction of his person, does not deprive plaintiff of his remedy to proceed by separate suit in equity to vacate the judgment, if there are sufficient grounds aside from errors which should have been corrected on writ of error to entitle him to relief.

6. JUDGMENT ⟨⊜⟩432—VACATION IN EQUITY—ILLNESS AND WITHDRAWAL OF ATTORNEYS.

Where plaintiff's attorneys withdrew from the case without notice to him when he was so ill that he was forced to be absent from home and to rely absolutely upon them to protect his interests, he was entitled to relief in equity against a judgment against him on defendant's cross-action, which he had no opportunity to defend, and which it would be inequitable to allow to stand, as he showed that trial on the merits would result in a different judgment.

7. JUDGMENT ⟨⊜⟩460(6)—VACATION IN EQUITY—PLEADING—GROUNDS FOR RELIEF.

In suit to vacate judgment against plaintiff on cross-action against him in his prior suit, allegations, showing the homestead character of the premises involved, and that plaintiff's wife was not a party to the suit in which the judgment was rendered against him, state no grounds for relief, where it does not appear that any defense to the cross-action could have been based on the ground that the premises were part of the homestead.

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Petition in the nature of bill of review to set aside a judgment by Eli Elstun against Mrs. Annie Scanlan and others. From judgment sustaining demurrer to the petition, plaintiff appeals. Reversed and remanded.

Ira Webster, of Brownsville, for appellant. J. A. Graham and Jones & George, all of Brownsville, for appellees.

MOURSUND, J. On April 2, 1915, Eli Elstun filed his petition in the nature of a bill of review, seeking to set aside a judgment rendered against him in cause No. 2107, in the district court of Cameron county on November 24, 1913, in favor of Annie Scanlan, J. P. Scanlan, and Philip Scanlan for a tract of land containing five acres, constituting part of the acreage property within the corporate limits of the city of Brownsville. He alleged his ownership of the said tract of land, and that it was a part of his homestead, and specially pleaded title by limitation under the three and ten years' statutes of limitation; that on May 7, 1910, he filed in the district court of Cameron county his petition for injunction, restraining said Mrs. Annie Scanlan, John P. and Philip Scanlan from entering upon, or attempting to enter upon, said land or interfering with plaintiff's peaceable possession thereof; that a temporary injunction was granted and issued; and that on May 11, 1910, the defendants filed their answer. This answer was copied, but it will suffice to state that it consisted of a general demurrer, general denial, special denial of the allegations, plea that the charges made against them were false and made for the purpose of injuring and harassing the defendants, and that thereby defendants' good names, standing, and credit in the community were injured, to their damage in the sum of $10,000, a plea that plaintiff had for two years appropriated the use, rent, and revenues of the property, of the reasonable value of $250 per year; and a prayer for the recovery of $10,500, and for general relief. Plaintiff then alleged that on October 4, 1910, during the October term of the district court of Cameron county, without leave of court and without notice of any sort to plaintiff or to his attorney, the defendants filed in said cause an instrument designated and indorsed "Defendants' Original Answer." This instrument was also copied in the petition. It did not purport to be an amendment, and consisted of a general demurrer; a general denial, a special denial that plaintiff ever had any title to or right of possession of the land described in plaintiff's petition, and an allegation "that, on the contrary, these defendants own said land and have a good and perfect title thereto, and are entitled to possession thereof, and that on or about the 5th day of August, 1910, the plaintiff forcibly ejected defendants from the possession of said land, and still hold possession thereof, wherefore defendants pray that the injunction granted be dissolved, and that they have judgment for the title and possession of said land." Plaintiff further alleged that such instrument did not constitute such a pleading and answer as could properly be taken cognizance of by the court, nor such as required plaintiff to answer had he had notice of the filing of same, and especially so in the absence of any kind of notice, and that he did not have any notice or knowledge of the filing thereof. He further alleged that said cause was, from time to time, contin-

ued from one term of court to another by operation of law, and without any other orders being entered therein or any other action had until April 22, 1913; that he procured the services of the law firm of E. H. Goodrich & Son, who prepared and filed his said petition for injunction, and believed in good faith that said firm was employed to represent him and look after his interest throughout the entire proceedings in said cause, and, so believing, relied upon them as his attorneys to represent him until the termination of said cause; that without the knowledge of plaintiff and when he was not present in court said firm, on April 22, 1913, withdrew from said cause, as shown by an order on the minutes of the court reading as follows:

"Goodrich & Son withdrew as Attys. for plaintiff. Dismissed as to Pltff. cause of action for want of prosecution at Pltff. cost; on the 22d day of April, A. D. 1913."

It was further alleged that plaintiff had for some time suffered from illness, the nature of which was set out, which became so serious that in the latter part of September, 1912, it became necessary for him to have special treatment and a change of climate and water; that for this purpose he went to Houston, Mineral Wells, and other places, and was never in a condition to return home until about November 1, 1913, at which time he was brought home by his wife in a helpless condition, and was confined to his bed until about January 1, 1914, and was unable to leave the house or attend to any kind of business until some weeks after said date; that during all of said time he believed in good faith that his interests were being looked after by attorneys, and, relying upon that, believed that if his case was called for trial, he would be notified thereof by his attorneys, and that, in case of his inability to attend court, they would make a proper showing why he could not be present and procure such postponement or continuance as might be necessary to protect his interests, and had no knowledge or notice of said order of withdrawal of said attorneys from said cause. He also alleged that the minutes of said court do not contain any order continuing said cause of action as to the so-called cross-bill of defendants, and that he had no notice or knowledge of the filing of said second instrument by defendants, nor that said cause was continued as to such instrument; that said order, dismissing as to plaintiff's cause of action, contained no continuance as to defendants' cross-bill, by its plain terms, and was in effect a dismissal of the whole cause. He then alleged that on November 24, 1913, the court entered a judgment, copying the same in his petition. This judgment was rendered in the suit instituted by plaintiff by petition for injunction, and recited that it was rendered on "defendants' cross-bill," and that, as no answer thereto had been filed by plaintiff, it was "the opin-

ion of the court that defendants should recover by occasion of the premises." It further recited announcement of ready for trial by defendants, and that after hearing the pleadings, evidence, and argument the jury returned a verdict for defendants. The judgment awarded defendants the recovery of five acres of land, describing the same as in plaintiff's petition, and then adding the statement, "and being same land described in a certain deed from R. B. Rentfro to William Scanlan, of record in Book F, pages 183, 184, Supplemental Records of Real Estate of Cameron county, to which deed and record reference is made for further description of the lands covered by this judgment." Plaintiff further alleged, upon information and belief, that the only evidence introduced was a deed from R. B. Rentfro to Wm. Scanlan, which was copied in the petition and is the same deed referred to in the judgment, and it was alleged that such deed described a different tract of land than the one described in plaintiff's petition for injunction, and that the description therein corresponded with the description in the so-called cross-bill, but the description in the judgment corresponds with that contained in plaintiff's said petition. He alleged that the verdict was returned pursuant to a peremptory instruction by the court. An allegation was also made to the effect that defendants had never at any time held or owned "any valid or legal title" to the lands described in said judgment or any part thereof, and that the deed introduced in evidence does not convey any title save such as was deraigned under and through an old labor leasehold title "such as the higher courts of this state, and the Supreme Court of the United States have held to be no title at all." It was further alleged that in the latter part of January, 1914, plaintiff was informed that defendants were about to have a writ of possession issued by virtue of said judgment, and, in order to prevent this, and in view of the fact that the district court would not again convene until the following April, when a motion to set aside said judgment could be made, and believing that before that time he would have been dispossessed, "he attempted to carry said cause to the Court of Civil Appeals for the Fourth Supreme Judicial District, and, in order to stay the issuance and service of writ of possession, filed a supersedeas bond in said cause;" that by reason of the facts stated he had not been represented in the trial of said cause, and had no notice thereof, nor of the entry of said judgment, and no motion for new trial could be included in the transcript sent up to said Court of Civil Appeals, and through some oversight the assignments of error filed in his behalf were not included in said transcript; that because no motion for new trial or assignments of error were contained in the transcript said court dis-

missed his appeal. He also alleged that his wife was never a party in any manner to said suit in the district court in which said judgment was rendered for defendants, notwithstanding said land "constituted and was and is the community property and homestead of plaintiff and his said wife," and that his wife knew nothing about the so-called cross-bill and the proceedings had thereon, until long after the adjournment of the term of court during which said judgment was entered.

To this petition the court sustained a general demurrer, reciting in the judgment that the petition upon its face was insufficient, and, further, that the court had taken judicial notice of all docket and minute entries in the original case, and upon a consideration thereof, in connection with the petition, found the petition insufficient. These entries were copied in the judgment, and show: On October 4, 1910, defendants demanded a jury; on November 11, 1910, the case was continued by operation of law; on January 4, 1911, it was continued by agreement; on April 20, 1911, it was continued under rule for costs; on November 15, 1911, defendants obtained leave to amend; on November 25, 1911, a jury was demanded by plaintiff; on December 15, 1911, the case was continued by operation of law; on May 6, 1912, it was continued by consent, and on December 18, 1912, by operation of law; on April 22, 1913, Goodrich & Son withdrew, and cause dismissed as to plaintiff's cause of action; on April 24, 1913, continued on application of defendants.

[1-4] Appellant complains of the ruling of the court in sustaining the general demurrer, and contends that the court was not authorized, in testing a petition when attacked by general demurrer, to take judicial notice of the docket entries made in the original suit. We do not think the allegations show that the judgment sought to be set aside is void; that is, a judgment which is a nullity and may be attacked in any proceeding, direct or collateral. In order to show that the judgment is a nullity it would have to affirmatively appear from the judgment record that the court did not acquire jurisdiction over the person of plaintiff as to the cross-action. If the docket entries of which the court took judicial notice be excluded from consideration, and it be held that plaintiff's petition shows that there was no appearance by him after the filing of the second cross-bill, the judgment record would be one which is silent on the question of service or appearance. Such a judgment is not a nullity. Fitch v. Boyer, 51 Tex. 336; Tennell v. Breedlove, 54 Tex. 540; Treadway v. Eastburn, 57 Tex. 209; Dunn v. Taylor, 42 Tex. Civ. App. 241, 94 S. W. 347. On the other hand, if such entries be taken into consideration, but it be held that entry of appearance by the attorneys was ineffectual to require plaintiff to defend against the second cross-action, the record would still be one which is silent as to service or appearance, and under that view would not be a nullity. The matters pleaded, in so far as they relate to the question whether the court had jurisdiction of the person of plaintiff as to the cross-action on which the judgment is based, are all apparent of record, and, if sufficient to show want of jurisdiction, the error in asserting jurisdiction was one requiring correction by suing out writ of error, and, in the absence of a showing that plaintiff by the exercise of due diligence could not have procured relief therefrom by suing out a writ of error, a separate suit in equity will not be permitted for the purpose of setting aside the judgment on such ground. Seguin v. Maverick, 24 Tex. 526, 76 Am. Dec. 117; Milam County v. Robertson, 47 Tex. 222; Moore v. Perry, 13 Tex. Civ. App. 204, 35 S. W. 838. If the record does not speak the truth, and extraneous evidence be necessary to establish the true facts as to jurisdiction, a suit to set aside the judgment is the proper remedy, but even then it must appear that the complainant had no opportunity to move for a new trial at the term at which the judgment was rendered.

[5, 6] However, we do not understand that the failure to prosecute a remedy of appeal by means of suing out writ of error would deprive the plaintiff of his remedy to proceed by separate suit if there be sufficient grounds, aside from errors which should have been corrected by suing out writ of error, to entitle him to relief in a court of equity. Seguin v. Maverick, supra. In this case, as against the general demurrer, we believe the petition states a cause of action on the ground that plaintiff, without fault on his part, has been prevented from presenting a good defense to the cross-action. The withdrawal of his attorneys from the case, of which fact he had no notice, coupled with his ill health, necessitating his absence, and absolute reliance upon his attorneys to protect his interests, caused a judgment to be rendered against him without negligence on his part. He shows that it would be inequitable to let such judgment stand, and that a trial upon the merits would result in a different judgment from the one rendered. The question of diligence must be determined in view of all the facts alleged, and the facts alleged in this case appeal to us as sufficient to justify relief from a court of equity.

[7] As it does not appear that any defense to defendant's suit could have been made, based on the ground that the premises in controversy constituted a part of the homestead, the allegations, showing homestead character of the premises, and that the wife was not a party to the suit in which the judgment was rendered, state no grounds for relief. Breath v. Flowers, 43 Tex. Civ. App. 516, 95 S. W. 26; Brown v. Foster Lumber Co., 178 S. W. 787.

The judgment is reversed, and the cause remanded.