### SENTER et al. v. GARLAND et al.
### (No. 9952.)

Court of Civil Appeals of Texas. Dallas.
July 9, 1927.

On Rehearing Sept. 24, 1927. Rehearing Denied
Oct. 15, 1927.

**1. Process ⬅6—Transferee of cause of action could substitute himself as plaintiff by amended petition and take judgment in his own name without new service of citation.**

Transferee of cause of action pendente lite, being entitled to take judgment and control issuance of execution in transferor's name, without filing amended petition, could substitute himself as plaintiff by amendment and take judgment in his own name, without new service of citation on defendants, parties being in court, cause of action identical, and no additional relief sought.

**2. Appeal and error ⬅917(2)—Demurrers will be presumed to have been waived, where record shows no action thereon.**

Where record on appeal discloses no action on demurrers, presumption will be indulged that they were waived.

**3. Assignments ⬅129—That transferor of cause of action and its trustee in bankruptcy were not parties did not invalidate judgment for transferee.**

That transferor of cause of action pendente lite and its trustee in bankruptcy were not parties did not invalidate judgment for transferee, neither absent party having any interest in subject-matter.

**4. Judgment ⬅407(4)—Remedy by appeal held inadequate, so as not to preclude suit in nature of bill of review to vacate default judgment.**

Remedy by appeal from default judgment *held* inadequate, so as not to preclude defendants from bringing suit in nature of bill of review to vacate judgment and enjoin further proceedings thereunder; record disclosing nothing as defense to suit or defendants' reason for failing to answer.

#### On Rehearing.

**5. Exceptions, bill of ⬅36(1)—Statute fixing time for filing bills of exception generally is inapplicable to exception to omission to file fact findings and legal conclusions.**

Statute fixing time for filing bills of exception generally is inapplicable to bills taken to court's action after adjournment, such as omission to comply with request for findings of fact and conclusions of law.

**6. Appeal and error ⬅1071(1)—Failure to file fact findings and legal conclusions held reversible error, where evidence was conflicting as to negligence in not answering before default judgment (Rev. St. 1925, art. 2208).**

Where evidence was conflicting and sufficient to support finding either way on question whether defendants were negligent in not answering and defending suit before default judgment was taken, court committed reversible error in omitting to file findings of fact and conclusions of law on defendants' request, as required by Rev. St. 1925, art. 2208.

Appeal from Dallas County Court; Paine L. Burk, Judge.

Suits, consolidated for trial, by the Plaza Catering Company, for which E. G. Senter was substituted, against A. H. Garland and others, and by A. H. Garland and others against E. G. Senter. From a judgment for defendants and plaintiffs, respectively, E. G. Senter appeals. Reversed and remanded.

Senter & Strong, of Dallas, for appellant.
M. S. Church and Coker & Wilson, all of Dallas, for appellees.

LOONEY, J. The Plaza Catering Company, a corporation, sued appellees for $376 balance alleged to be due on a lease contract. Appellant, plaintiff's attorney, became the owner of the cause of action, and by leave of court filed an amended petition, in which he reasserted the cause of action as set up in the original petition, alleged his ownership, and asked that he be substituted as plaintiff, for judgment, etc. Defendants had not answered although legally cited about one year previously, and on the day the amended pleading was filed appellant took judgment by default after introducing evidence.

After adjournment of court, appellant caused the issuance of an execution and placed same in the hands of Schuyler Marshall, sheriff of Dallas county, who was proceeding thereunder when appellees instituted this suit, in the nature of a bill of review, against Senter, to vacate the judgment and to enjoin the sheriff from proceeding further.

This suit was based on the following grounds: (1) That the judgment was void in that appellees were never cited to answer, and had no notice of the filing of the amendment on which judgment by default was rendered, the contention being that the same set up a new cause of action. (2) That the rendition of judgment by default was not due to the negligence of appellees; that it was taken in violation of an agreement between Calvert, attorney for appellees, and appellant, to the effect that the case would not be taken up nor disposed of unless both parties were present and agreed to the procedure; that Calvert informed appellees the case had been settled and would be dis-

missed, and they did not know judgment had been rendered until confronted with execution in the hands of the sheriff. (3) They alleged a meritorious defense to the action and that they had no adequate remedy at law.

Appellant urged a number of special exceptions to plaintiff's petition, joined issue on all allegations, and set up the facts on which the original suit was based, asserted his ownership of the cause of action under transfer, and prayed that if for any reason the judgment should be vacated, he have judgment against appellees on the facts and against the sureties on the injunction bond.

The two suits were consolidated—that is, the original suit by Plaza Catering Company and the bill of review and injunction proceedings brought by appellee.

The case was tried by the judge without a jury and resulted in a decree for appellees vacating the judgment by default rendered in favor of appellant and permanently enjoining its execution and adjudging that appellant take nothing as against appellees and the sureties on the injunction bond. From this judgment appellant prosecutes the appeal.

[1] As no findings of fact or conclusions of law were filed, we cannot know on what ground the trial court vacated the judgment. If the judgment was held void on the idea that the amendment set up a new cause of action that required new service of citation, we believe such holding was erroneous. Senter, as transferee of the cause of action pendente lite, could have taken judgment in the name of Plaza Catering Company without filing an amendment, and, in such case, being the owner of the judgment, could have controlled the issuance of execution (Arthur v. Driver, 60 Tex. Civ. App. 100, 127 S. W. 891), and it was proper, in our opinion, for him by an amendment to substitute himself as plaintiff and take judgment in his own name.

The parties were in court, the cause of action was identically the same in both pleadings, and no additional relief was sought in the amendment. The proceeding involved simply a matter of procedure, and appellees were not entitled to a new citation with reference thereto. Trinity Co. Lbr. Co. v. Holt (Tex. Civ. App.) 144 S. W. 1029 (1032); Pecos, etc., N. T. Ry. Co. v. Porter (Tex. Civ. App.) 156 S. W. 267 (269), and authorities cited.

The court, however, could have based its judgment on another ground, which will be discussed in disposing of appellant's assignments and propositions.

[2] 1. Assignments Nos. 1 to 6, inclusive, on the action of the court in overruling special demurrers, are not followed by propositions; hence we conclude they were abandoned. However, these assignments are sufficiently answered by the record in that the

same fails to disclose any action of the court on demurrers. The rule is well established that, where the record fails to disclose, as in this case, any action on demurrers, the presumption will be indulged that they were waived. Floyd v. Rice, 28 Tex. 341; Commandery, etc., v. Rose, 62 Tex. 321; Phœnix Ins. Co. v. Boren et al., 83 Tex. 97, 98, 18 S. W. 484.

[3] 2. The contention that no valid judgment could have been rendered in the absence, as parties, of Plaza Catering Company and M. L. Robertson, its trustee in bankruptcy, is not, in our opinion, well taken, for the reason that neither had any interest in the subject-matter in litigation, hence could not have been affected one way or another by any judgment rendered in the cause. This contention is therefore overruled.

3. Appellant assigns error on the failure of the court to file conclusions of fact and law as requested both by formal motion filed and orally in open court, as shown by a docket memorandum. The record fails to disclose any action of the court on appellant's formal motion or oral request. Our courts have repeatedly refused to review the failure of trial courts to file findings and conclusions unless made the subject of a bill of exception. In the absence of such record, the presumption obtains that the request for findings and conclusions was waived. Supreme Commandery, etc., v. Rose, 62 Tex. 321; Overton v. Col. Knights, etc., (Tex. Civ. App.) 173 S. W. 472; Kennedy v. Kennedy (Tex. Civ. App.) 210 S. W. 581.

[4] 4. Appellant makes the further contention that appellees had an adequate remedy at law and therefore should have been refused equitable relief. This contention is based on the idea that at the time this suit was instituted, appellees could have perfected an appeal by writ of error. This is true, but an appeal would have been futile, as the record disclosed nothing in regard to the defense of appellees to the suit nor their reason for failing to answer. At the time appellees invoked the equitable powers of court, these matters could not have been presented for consideration in any other way than by suit in the nature of a bill of review. We are of the opinion, therefore, that the remedy by appeal was inadequate and that appellees pursued the only remedy that promised any relief. De Garcia v. San Antonio, etc. (Tex. Civ. App.) 77 S. W. 275, 278; Elstun v. Scanlan (Tex. Civ. App.) 202 S. W. 762 (765); Seguin v. Maverick, 24 Tex. 526, 537, 76 Am. Dec. 117.

5. Appellant challenges the sufficiency of the evidence to sustain the judgment. This involves inquiries as to the sufficiency of the evidence to show that appellees were not indebted to Plaza Catering Company, as alleged in the original suit, and to exculpate them from the implication of negligence in failing to answer and defend the suit.

In regard to the first, the evidence abundantly sustained the finding of the court that appellees were not indebted to Plaza Catering Company or to E. G. Senter in any sum whatsoever.

As to the second inquiry, while the evidence is meager and less satisfying, it cannot be correctly said that, the judgment is without evidence.

Appellee A. H. Garland testified that he employed and paid Oscar Calvert, an attorney, to represent defendants in the original suit; that he was informed by his attorney that the case had been settled and dismissed; that he relied on this statement, and did not know anything to the contrary until the execution was presented. He testified further that, after the execution was issued he talked with appellant over the telephone, also in person in his office, in regard to the matter, and appellant told him he had had with Calvert an agreement to the effect that the case would not be brought up in court unless they were ready; that his attorney, Calvert, failed to notify or tell him when the case was to come up, and the first he knew about the matter was when the sheriff presented the execution.

Calvert was not called as a witness, but appellant, testifying in his own behalf, denied having any conversation with Garland or any agreement with Calvert, and said that a short time before judgment was rendered he procured the court papers from Calvert and informed him then that he proposed to insist upon a trial of the cause at the first opportunity, and that Calvert said that as he had never been paid a fee he did not consider himself in the case any longer.

In view of this evidence, we do not feel at liberty to disturb the conclusion evidently reached by the trial court, to the effect that appellees were prevented without fault on their part from presenting their defense to the original suit. The case on this point is in all material respects similar to that of Elstun v. Scanlan (Tex. Civ. App.) 202 S. W. 762 (765), in which the court used this language:

"In this case as against the general demurrer, we believe the petition states a cause of action on the ground that plaintiff, without fault on his part, has been prevented from presenting a good defense to the cross-action. The withdrawal of his attorneys from the case, of which fact he had no notice, coupled with his ill health, necessitating his absence, and absolute reliance upon his attorneys to protect his interests, caused a judgment to be rendered against him without negligence on his part. He shows that it would be inequitable to let such judgment stand, and that a trial upon the merits would result in a different judgment from the one rendered. The question of diligence must be determined in view of all the facts alleged, and the facts alleged in this case appeal to us as sufficient to justify relief from a court of equity."

We therefore overrule this contention; and, finding no reversible error, the judgment below is affirmed.

## On Rehearing.

The motion of appellant for rehearing will be granted, and the judgment of affirmance heretofore announced will be set aside. Appellants' motion for certiorari to perfect the record will also be granted, and the certified copy of the bill of exception attached to said motion will be filed and considered as a part of the record.

[5] At a former day of the term the court overruled all assignments and affirmed the judgment of the trial court. Among other assignments urged by appellant was one complaining of the omission of the trial court to file findings of fact and conclusions of law. This assignment was overruled for the reason that the record did not show that the failure of the court in this respect was made the subject of a bill of exception. It appears, however, that appellant did in fact take a bill of exception to the omission of the court to comply with his request for findings, and the same is now before us for consideration.

This bill was not filed within the time fixed by statute for filing bills of exception generally, but the statute, in question is not applicable to bills taken to the action of the court occurring after adjournment. This was the construction given the statute by the Galveston Court of Civil Appeals in Jefferson v. Williams, 286 S. W. 614 (616), where Judge Pleasants for the court used this language:

"We are further of opinion that the statute fixing the time within which bills of exception must be filed should be held to apply only to exceptions taken to rulings of the court during the progress of the trial of the case, and not to the failure of the trial judge, after the adjournment of the court, to comply with an administrative duty connected with the appeal of the case."

The bill, therefore, although filed after the expiration of the time fixed by the statute for filing bills of exception generally, will be considered as filed in time.

[6] Among other controverted issues in the case was whether or not appellees were negligent in failing to answer and defend the suit before judgment by default was taken. The evidence was conflicting on this issue, and was sufficient to support a finding either way. Appellants' right to the finding of the trial judge on this material issue is statutory. Revised Statutes, art. 2208.

In Galveston, etc., v. Stewart & Threadgill, 257 S. W. 526 (530), the Commission of Appeals, through Judge Hamilton, said:

"In every case where there is any conflict in the evidence on an issue material to the decision of the case, the failure of the trial judge to file his findings of fact and conclusions of

law is 'such a denial of the rights of the appellant * * *. as probably prevented the appellant from making a proper presentation of the case to the appellate court.' The trial judge hears and sees the witnesses. He is the judge of their credibility and of the weight to be given their testimony. The duty devolves upon him to select from contradictory evidence that which he credits and from such selection to make his findings of fact. The appellate courts have no such authority."

The doctrine announced by Judge Hamilton was commented on with approval by the Austin Court of Civil Appeals in Childress v. Wolf, 273 S. W. 274. We are of the opinion therefore that the court committed reversible error in omitting to file findings of fact and conclusions of law as requested by appellant, and the cause will accordingly be reversed and remanded for further proceedings. The original opinion, on the other issues, will remain as announced.

Reversed and remanded.